Filed 12/19/22  Flores v. C.H. Robinson Co., Inc. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ROY FLORES et al., | D080906 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. CIVDS2012423) |
| C.H. ROBINSON COMPANY, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Bernardino County, David S. Cohn, Judge.  Reversed.

Ogletree, Deakins, Nash, Smoak & Stewart, Jack S. Sholkoff and Carmen M. Aguado for Defendants and Appellants C.H. Robinson Company, Inc., and C.H. Robinson Worldwide, Inc.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez, Rachel J. Lee and Vi N. Applen for Defendant and Appellant United Employment Solutions, Inc.

Protection Law Group, Heather M. Davis, Amir Nayebdadash, Priscilla Gamino and Kristen Tojo for Plaintiffs and Respondents.

C.H. Robinson Company, Inc., C.H. Robinson Worldwide, Inc. (collectively Robinson), and United Employment Solutions, Inc. (United), appeal the order denying their motions to compel arbitration of Roy Flores's individual claims for violations of the Labor Code and the unfair competition law (UCL; Bus. & Prof. Code, § 17200 et seq.). They contend the trial court erred by ruling they failed to establish the existence of an arbitration agreement. We agree and reverse.

I.

BACKGROUND

A.  *Parties' Relationships*

United is a staffing and recruitment agency that supplies employees to employers in many states. One of Robinson's divisions markets and distributes fresh produce globally and maintains facilities throughout the United States. Robinson contracted with United to supply employees to meet Robinson's staffing needs.

Flores went to United for a screening interview and completed an employment application that had United's full corporate name at the top of each page and its address at the bottom. Flores also signed a separate document that contained the following provision:

**MUTUAL ARBITRATION AGREEMENT – IMPORTANT – THIS AFFECTS YOUR RIGHTS**

This Arbitration Agreement Supersedes and Voids any other Prior Dated Arbitration Agreement. It is agreed that any controversy, claim or dispute arising out of or relating to Applicant's application or candidacy for employment, employment and/or cessation of employment, and which is otherwise actionable at law, will be resolved exclusively by final and binding arbitration before a neutral Arbitrator under the laws of the State of California. The Arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable. This agreement is negotiable and Applicant is free to seek the advice of an attorney before signing. This is a mutual agreement and is binding for claims of either party. For example, such claims include claims under Federal, State, and Local statutory or common law, including, but not limited to, wage and overtime claims under the California Labor Code or Federal Fair Labor Standards Act, claims under the California Fair Employment and Housing Act (Gov. Code § 12940, et seq.), the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the law of contract and the law of tort. This agreement shall not restrict any discovery rights or any remedy, including punitive damages or injunctive relief, as provided under California or federal law. Further, judgment upon the award rendered by the arbitrator or arbitrators must be in writing and may be entered in any court having jurisdiction thereof. The arbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error. Any such arbitration shall be conducted within the County of Los Angeles, California, or such other place as may be mutually agreed upon by the parties. **Unless controlling authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, any other current, prospective or former employees, or any other persons similarly situated to either party. Applicant agrees that this Waiver of Class or Representative Action applies to all claims of Applicant including claims arising prior to the date of this Agreement.** The arbitrator may not consolidate more than one person's claims, and may not preside over any form of a representative or class proceeding.

United placed Flores at Robinson's facility in Los Angeles, where he worked for approximately five months.

B.     *Flores's Lawsuit Against Robinson and United*

Flores, acting individually, on behalf of others similarly situated, and as a private attorney general, sued Robinson and United for violations of the Labor Code and the UCL. He alleged they jointly employed him and the other members of the class he sought to represent. In nine separate causes of action, Flores alleged Robinson and United (1) failed to pay overtime, (2) failed to pay premiums for missed meal periods, (3) failed to pay premiums for missed rest periods, (4) failed to pay minimum wages, (5) failed to pay final wages timely, (6) failed to pay wages timely during employment, (7) failed to provide accurate wage statements, (8) failed to keep accurate payroll records, and (9) violated the UCL by these failures. As a 10th cause

3

of action, Flores alleged the various Labor Code violations as a representative of other aggrieved employees under the Private Attorneys General Act (PAGA; Lab. Code, § 2698 et seq.).  On the individual and class claims, he sought monetary and injunctive relief, interest, costs, and attorney fees.  On the PAGA claim, Flores sought civil penalties, interest, costs, and attorney fees.

Robinson and United filed separate answers to the complaint in which they asserted general denials and affirmative defenses but made no mention of an arbitration agreement.  They also responded to Flores's written discovery requests without mentioning arbitration.

C.  *Motions to Compel Arbitration*

At a case management conference held approximately two months after Robinson and United filed their answers, United's counsel informed the trial court that United had just discovered that Flores executed an arbitration agreement and that it intended to file a motion to compel arbitration.  The court set a hearing date three months out.

In its motion to compel arbitration, United argued the agreement involved interstate commerce, was enforceable under the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), and required arbitration of all the claims except the PAGA claim.  United asked the trial court to order Flores to arbitrate his non-PAGA claims on an individual basis, to dismiss the class claims, and to stay the PAGA claim until completion of arbitration.  In support of the motion, United's counsel submitted a declaration stating that Flores's counsel refused a request to proceed to arbitration.  United's branch manager, Maira Fernandez, submitted a declaration stating she maintains personnel records for current and former employees, provides prospective employees applications and other documents, and interviews prospective

4

employees. Fernandez interviewed Flores and gave him an employment application and an arbitration agreement. Fernandez provided Flores an opportunity to read the documents and ask questions, but he asked no questions and signed the documents. Fernandez also signed the arbitration agreement. She attached copies of the employment application and arbitration agreement to her declaration. United's controller submitted a declaration stating its clients operate in California, Texas, New York, and other states, and it contracts with a payroll funding partner headquartered in Ohio.

Robinson filed a separate motion to compel arbitration in which it argued it could enforce the arbitration agreement between Flores and United under the doctrine of equitable estoppel, made arguments similar to those of United on enforceability of the agreement, and sought the same relief. Robinson submitted a declaration from the manager of the facility where Flores had worked that generally described Robinson's global business operations and Flores's job. Attached to the declaration were copies of staffing services agreements between Robinson and United.

Flores filed separate oppositions to the motions but made the same arguments in both. He argued: (1) no arbitration agreement had been shown to exist, because the agreement United submitted did not identify the parties; (2) the purported agreement was unconscionable, because he had no choice but to sign it as part of the employment application process, and because the agreement is overbroad, requires him to pay arbitration costs, and does not guarantee costs and attorney fees to a prevailing employee; (3) United and Robinson waived the right to compel arbitration by unreasonably delaying in filing the motions, failing to assert arbitration as a defense in their answers, and responding to discovery; and (4) there was no basis to stay the PAGA

5

claim if the trial court were to order him to arbitrate his individual claims. Flores submitted a declaration stating he was not given an opportunity to review any of the documents he signed when he applied for employment at United, could not negotiate any terms of the documents, did not recall signing any document referring to arbitration, was not then aware of what arbitration is, and was not given copies of any documents he signed.

In reply, United and Robinson argued they adequately proved the existence of a written arbitration agreement. They also argued Flores did not adequately prove unconscionability, because execution of the arbitration agreement involved no oppression or surprise, the agreement is not overbroad, and it neither requires him to pay arbitration costs nor precludes an award of costs or attorney fees if he prevails. United and Robinson argued Flores did not adequately prove waiver, because they moved to compel arbitration promptly after appearing in the case and learning of the agreement and did not engage in substantial litigation activity in the meantime. Finally, United and Robinson argued the PAGA claim should be severed and stayed to avoid simultaneous proceedings on overlapping factual and legal issues.

The trial court held a hearing and denied the motions to compel arbitration "because the moving parties have failed to establish that an agreement to arbitrate exists." The court stated that although the arbitration agreement submitted by United "states that it is a 'mutual agreement' addressing claims arising from employment, including wage and overtime claims (unquestionably the subject of this lawsuit), *it does not identify the parties to the agreement.*" The court also stated that United and Robinson had "emphasize[d] that this purported arbitration agreement is a separate, stand-alone agreement," and "[a]s such, it cannot be ascertained

6

who the parties are." The trial court did not reach the other issues the parties raised.

## II.

## DISCUSSION

United and Robinson attack the trial court's ruling that they failed to establish the existence of an arbitration agreement. They contend the failure of the arbitration agreement itself to identify the parties did not prevent formation of the agreement, because any uncertainty disappears when the agreement is considered as part of the larger transaction that included an employment application that clearly identified Flores and United as the parties. In response, Flores defends the trial court's ruling. He argues the failure of the arbitration agreement to identify the parties makes it unenforceable; and this uncertainty cannot be removed by reference to the employment application, he says, because United and Robinson argued in the trial court that the agreement was a stand-alone document. As alternative grounds for affirmance, Flores asserts the waiver and unconscionability defenses he asserted in the trial court. United and Robinson respond to the waiver and unconscionability defenses as they did in the trial court.

As we explain below, the trial court erred in concluding United and Robinson failed to establish the existence of an agreement to arbitrate. Because the court did not reach the other issues raised by the parties, some of which involve factual questions and exercise of discretion, we reverse and remand to allow the court to consider those issues.

A.    *Appealability and Standard of Review*

An order denying a motion to compel arbitration is appealable. (Code Civ. Proc., § 1294, subd. (a).) "Whether a valid agreement to arbitrate was formed is reviewed de novo where the facts are not disputed." (*Juen v. Alain*

7

*Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978.) "Interpreting a written document to determine whether it is an enforceable arbitration agreement is [also] a question of law subject to de novo review when the parties do not offer conflicting extrinsic evidence regarding the document's meaning." (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 60.) The parties agree the material facts concerning the existence of an arbitration agreement are not in dispute, and therefore our review is de novo.

B.      *Existence of Arbitration Agreement*

We begin with some general principles on proving the existence of an arbitration agreement. "Under both federal and state law, the threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate." (*Cheng-Canindin v. Renaissance Hotel Associates* (1996) 50 Cal.App.4th 676, 683 (*Cheng-Canindin*); see 9 U.S.C. § 4 [court generally must order arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue"]; Code Civ. Proc., § 1281.2 [court generally must order arbitration "if it determines that an agreement to arbitrate the controversy exists"].)[1] "The question of whether the parties agreed to arbitrate is answered by applying state contract law even when it is alleged that the agreement is covered by the FAA." (*Cheng-Canindin*, at

_____

[1]     We assume for purposes of our decision that the FAA applies. Robinson and United argued for its application in the trial court and submitted evidence the arbitration agreement was part of "a contract evidencing a transaction involving commerce." (9 U.S.C. § 2; see *Allied-Bruce Terminix Cos. v. Dobson* (1995) 513 U.S. 265, 277 ["the word 'involving,' like 'affecting,' signals an intent to exercise Congress' commerce power to the full"]; *Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105, 113-119 [FAA applies to employment contracts affecting commerce except those of transportation workers].) Flores did not argue in the trial court that the FAA does not apply. No party has argued in this court that applying the FAA would produce a result different from that of applying state law.

p. 683.)  Because the existence of an arbitration agreement is a statutory prerequisite to an order compelling arbitration, the party seeking the order has the burden to prove its existence by a preponderance of the evidence. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413 (*Rosenthal*).)  A party moving to compel arbitration may satisfy the initial burden to prove an arbitration agreement exists simply by submitting a copy with the motion.  (Cal. Rules of Court, rule 3.1330; *Baker v. Italian Maple Holdings, LLC* (2017) 13 Cal.App.5th 1152, 1160.)

We turn now to the record to determine whether United and Robinson met their burden to prove the existence of an agreement requiring Flores to arbitrate his claims.  With its moving papers, United submitted as an attachment to Fernandez's declaration a copy of a one-page document including the arbitration agreement on which it relied.  Robinson also relied on the attachment in its moving papers.[2]  The attachment contains a paragraph under the heading, "**MUTUAL ARBITRATION AGREEMENT – IMPORTANT – THIS AFFECTS YOUR RIGHTS**," which states that "any controversy, claim or dispute arising out of or relating to Applicant's application or candidacy for employment, employment and/or cessation of employment . . . will be resolved exclusively by final and binding arbitration before a neutral Arbitrator."  The paragraph also states, "This is a mutual agreement and is binding for claims of either party."  Immediately above the arbitration agreement is another paragraph under the heading, "**AUTHORIZATION**," which refers to "this application" and releases "the

---

[2]    Specifically, Robinson requested the trial court take judicial notice of Fernandez's declaration and the attached arbitration agreement.  In its order denying the motions to compel arbitration, the court stated it could "take judicial notice only of the fact that the declaration was *filed*, not its content," and "consider[ed] the declaration *as though* it was filed in each motion."

company" from liability for using information it is authorized to obtain by investigating statements made and references listed in the application. Although neither the authorization provision nor the arbitration provision defines "Applicant," "the company," or "either party," immediately below the arbitration provision is a signature line containing Flores's name, and immediately below that line is a line containing Fernandez's name next to "INTERVIEWED BY." Thus, when the attachment to Fernandez's declaration is considered by itself, this much is clear: The attachment contains an agreement to arbitrate employment-related disputes between Flores (the "Applicant" for employment) and an unidentified employer ("the company") on whose behalf Fernandez interviewed Flores.

The question, then, is whether the failure to identify the employer in the arbitration provision itself prevented formation of an agreement. This question must be answered by applying California contract law. (*Cheng-Canindin*, *supra*, 50 Cal.App.4th at p. 683.) Under that law, the existence of a contract requires that there be "[p]arties capable of contracting" (Civ. Code, § 1550, subd. 1) and "that it should be possible to identify them" (*id.,* § 1558). "We are aware of no rule of law which, to bind the parties to a contract, imperatively requires the names of all such parties to be inserted in the body of the instrument. If the contract shows, by some reference, who the parties to the contract are and so sufficiently identifies them, it is sufficient." (*Union Trust Co. v. Dickinson* (1916) 30 Cal.App. 91, 96.) Here, the arbitration provision refers to "Applicant's application . . . for employment" and states it is "a mutual agreement . . . binding for claims of either party." To identify those parties, resort may be had to the employment application, which Flores completed and signed with the arbitration agreement during the interview by Fernandez, because documents on the same subject, between the same

10

parties, and from the same transaction are to be considered together.  (Civ. Code, § 1642; *Holguin v. Dish Network LLC* (2014) 229 Cal.App.4th 1310, 1320; *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1675-1676 (*Brookwood*).)  The application prominently identifies United as the employer on each page and identifies Flores as the "undersigned applicant" in a paragraph next to which he placed his initials.  Consideration of the employment application thus removes any uncertainty in the identity of the parties to the arbitration agreement—they are United and Flores.  (See *Colonial Ins. Co. v. Montoya* (1986) 184 Cal.App.3d 74, 83 ["What might otherwise be considered an ambiguity is resolved when we look at the total transaction."].)

Flores insists the employment application cannot be considered to determine who are the parties to the arbitration agreement, because in the trial court United and Robinson asserted the agreement was "a separate, one-page, stand-alone document."  Flores cites statements to that effect in the memoranda of points and authorities supporting the motions to compel arbitration and in Fernandez's declaration.  The trial court cited the same statements in its order denying the motions to compel arbitration as support for its conclusion the parties to the arbitration agreement could not be ascertained.  We disagree the cited statements preclude consideration of the employment application to determine who are the parties to the arbitration agreement.

United and Robinson made the statements about the separate nature of the arbitration agreement as part of discussions of the circumstances under which Flores signed the agreement and in support of arguments that those circumstances did not involve oppression or surprise that would make the agreement procedurally unconscionable.  (See, e.g., *OTO, L.L.C. v. Kho* (2019)

11

8 Cal.5th 111, 125 [" 'The procedural element [of unconscionability] addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power' "].)  Indeed, Fernandez stated:  "The Mutual Arbitration Agreement was not hidden in a lengthy agreement, buried in an employee handbook, or written in fine print. Instead, it was a separate, stand-alone, single-page agreement."  Neither United nor Robinson made the cited statements in support of the contention that the arbitration agreement had to stand or fall on its own or that the court could not consider any other documents in determining its enforceability.  Rather, both United and Robinson pointed out Flores signed the arbitration agreement at the same time he completed the employment application on United's letterhead, and they argued this was sufficient to form an agreement to arbitrate between him and United.  Therefore, the trial court should have considered Flores's employment application in determining whether United and Robinson had proved the existence of an agreement to arbitrate.  (Civ. Code, § 1642 [related documents between same parties in one transaction "are to be taken together"]; *Brookwood*, *supra*, 45 Cal.App.4th at pp. 1675-1676 [trial court properly considered separate documents containing arbitration clauses and employment contract with no such clause when all documents were part of same transaction].)

In failing to consider the employment application, the trial court erroneously relied on *Flores v. Nature's Best Distribution, LLC* (2016) 7 Cal.App.5th 1 (*Flores*) and *Cisco v. Van Lew* (1943) 60 Cal.App.2d 575 (*Cisco*) to conclude uncertainty in the identity of the parties to the arbitration agreement precluded its enforcement.  Flores cites the same cases in urging us to affirm the trial court's ruling.  The cases are distinguishable and do not support the ruling.

12

In *Flores*, *supra*, 7 Cal.App.5th at page 9, the defendants "sought to compel arbitration solely based on the arbitration provision contained in the [alternative dispute resolution (ADR) agreement] which defendants claimed plaintiff signed." The ADR agreement stated it was "between 'employee and Company' " but did not define either term. (*Ibid.*) The plaintiff's name was printed and signed in the signature block for the employee, but the signature block for the employer was blank. (*Ibid.*) The plaintiff had sued four different entities. (*Id.* at p. 3.) The ADR agreement also stated it applied to all employee disputes except those subject to a collective bargaining agreement (CBA), but the defendants did not submit the CBA with their moving papers or explain why the ADR agreement and not the CBA applied to the plaintiff's claims. (*Id.* at pp. 4, 10.) Based on the ambiguity about whether the ADR agreement applied to any of the plaintiff's claims against any of the defendants, the Court of Appeal could not "conclude the parties reached agreement on the matter of submitting any or all of [the] plaintiff's claims to final and binding arbitration as contemplated by the [ADR agreement]." (*Id.* at p. 11.) No such ambiguity exists in this case. There is only one arbitration agreement at issue, and the related employment application makes clear the parties to the agreement are Flores and United.

In *Cisco*, *supra*, 60 Cal.App.2d at page 577, the plaintiffs sought specific performance of an alleged agreement for the sale of real property. The only writing signed by the defendant did not identify the plaintiffs as parties or purchasers. (*Id.* at pp. 578, 583.) The Court of Appeal held the writing did not comply with the requirements of the statute of frauds (Civ. Code, § 1624) for an agreement for the sale of real property, including certainty as to the parties, and hence was not subject to specific performance. (*Cisco*, at pp. 581-583.) This case does not involve a contract for the sale of

13

real property or the statute of frauds. Moreover, the only writing at issue in *Cisco* made no mention of the plaintiffs. Here, by contrast, the employment application Flores filled out when he signed the arbitration agreement identified United as the other party to the agreement.

In sum, by submitting with the motions to compel arbitration the arbitration agreement Flores signed, his related employment application, and Fernandez's declaration describing the execution of those documents, United and Robinson satisfied their burden to prove the existence of an agreement to arbitrate. (*Rosenthal*, *supra*, 14 Cal.4th at p. 413 [party moving to compel arbitration must prove existence of arbitration agreement]; *Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 398-399 [arbitration agreement was formed between employee and company when employee signed employment application that was printed on company letterhead and contained arbitration clause].) The trial court erred by concluding otherwise.

C. *Other Issues*

The parties raised several other issues in the trial court. Robinson argued that even though it is not a party to the arbitration agreement, it may enforce the agreement under the doctrine of equitable estoppel. Both United and Robinson argued the class claims must be dismissed and the PAGA claim must be stayed until completion of the arbitration of Flores's individual claims. Flores argued that even if an arbitration agreement existed, it could not be enforced because it was unconscionable and Robinson and United waived any right to enforce it. Having determined there was no agreement to arbitrate, the trial court did not rule on these other issues.

The parties have briefed the waiver and unconscionability issues in this court, but not the equitable estoppel and stay issues. The issues of equitable estoppel, waiver, and unconscionability may present questions of fact.

14

(*Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 708 [equitable estoppel]; *Baker v. Osborne Development Corp.* (2008) 159 Cal.App.4th 884, 892 [unconscionability]; *Berman v. Health Net* (2000) 80 Cal.App.4th 1359, 1363 [waiver].)  The stay issue is a matter committed to the discretion of the trial court.  (Code Civ. Proc., § 1281.4; *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 320.)  We decline to address any of these issues in the first instance and leave them for the trial court on remand.  We express no opinion on how the court should resolve any of them.

## III.

## DISPOSITION

The order denying the motions to compel arbitration is reversed.  The matter is remanded to the trial court for consideration of the equitable estoppel, waiver, unconscionability, and stay issues raised by the parties in support of and in opposition to the motions.

IRION, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

15