Filed 12/27/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JULIE FLORES, | |
|    Plaintiff and Respondent, | G052410 |
|      v. | (Super. Ct. No. 30-2014-00756073) |
| NATURE'S BEST DISTRIBUTION, LLC, et al., | ORDER GRANTING REQUEST FOR PUBLICATION |
|    Defendants and Appellants. | |

Respondent has requested that our opinion, filed on December 2, 2016, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c)(2), (4), and (6). The request is GRANTED. The opinion is ordered published in the Official Reports.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JULIE FLORES, | |
| Plaintiff and Respondent, | G052410 |
| v. | (Super. Ct. No. 30-2014-00756073) |
| NATURE'S BEST DISTRIBUTION, LLC, et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Frederick P. Aguirre, Judge.  Affirmed.

Barnes & Thornburg, Scott J. Witlin, L. Rachel Lerman and Rachel T. Segal for Defendants and Appellants.

Aegis Law Firm, Kashif A. Haque and Cindy Pham for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Plaintiff Julie Flores filed a lawsuit against Nature's Best Distribution, LLC, Nature's Best, KeHe Distributors, Inc., and KeHe Distributors, LLC (collectively referred to as defendants), alleging several claims under the California Fair Employment and Housing Act (Gov. Code, § 12940 et seq.). Defendants filed a petition to compel arbitration based on evidence that plaintiff signed an agreement for alternative dispute resolution (the Agreement). The trial court denied the petition. Defendants contend the trial court erroneously concluded defendants failed to prove plaintiff agreed to arbitrate her claims and that the arbitration provision contained in the Agreement was unenforceable because it is unconscionable.

We affirm. Defendants failed to prove plaintiff agreed to submit her claims to final and binding arbitration.

BACKGROUND

I.

THE COMPLAINT

In November 2014, plaintiff filed a complaint against defendants, alleging claims for disability discrimination (Gov. Code, § 12940, subd. (a)), failure to engage in the interactive process (*id.*, § 12940, subd. (n)), failure to accommodate disability (*id.*, § 12940, subd. (m)), retaliation (*id.*, § 12945.2), failure to prevent discrimination or retaliation (*id.*, § 12900 et seq.), and wrongful termination in violation of public policy. The complaint alleged that in July 2001, plaintiff began working for defendants[1] in the shipping/receiving department. In February or March 2014, plaintiff injured her back but

---

[1] The complaint alleged all claims against all four of the defendants, who are collectively referred to as "Defendants" or "Nature's Best," and does not specifically allege which entity or entities served as plaintiff's employer. The complaint alleged the four defendants "acted in concert, and/or as alter egos of each other, or otherwise are jointly liable for the unlawful conduct complained of herein."

2

continued to work until May 2014, when her back injury got worse and she was placed on medical leave for "disabling lumbar radiculopathy and spinal stenosis."

The complaint further alleged that plaintiff's medical leave was extended through August 15, 2014. When plaintiff returned to the doctor, however, she was not cleared of all restrictions and was placed on further leave until August 31, 2014, on which date she would be cleared to perform modified duties from September 1 to 19, 2014. Plaintiff did not receive a doctor's note, memorializing the need to further extend her leave, until August 18, 2014, at which time she faxed it to defendants at a fax number, which she previously had used, and received a confirmation that the fax was successfully sent. Defendants denied receiving a fax. Plaintiff attempted to deliver the doctor's note in person, but learned that on August 21, 2014, her employment had been terminated for failing to return from medical leave.

II.

DEFENDANTS FILE A PETITION TO COMPEL ARBITRATION.

Defendants filed a petition to compel arbitration of plaintiff's claims and to stay judicial proceedings (the petition) on the ground that plaintiff had signed the Agreement. Defendants submitted the declaration of Jamie Bonin, the senior director of human resources "at Natures Best and KeHe Distributors," who began her employment with defendants in July 2007. Bonin's declaration stated that the Agreement, "signed by [plaintiff] on September 9, 2001, is part and parcel to our new employee packet that is given to and signed by all new hires. Attached hereto and incorporated herein by reference, please find a copy of the Agreement for Alternat[iv]e Dispute Resolution signed by [plaintiff] as Exhibit 'A'." (Boldface omitted.) The Agreement stated as follows:

"In further consideration of the mutual benefits of the employment relationship between employee and Company, employee and Company agree to submit all legal, equitable and administrative disputes to the American Arbitration Association

3

for mediation and binding arbitration.  This applies to all employee disputes, except those actually covered by the grievance and arbitration procedure in the Agreement between Nature's Best and Teamster's Local 692, hereinafter referred to as the 'Collective Bargaining Agreement.'  In other words, all disputes actually covered by the Collective Bargaining Agreement shall be determined according to the terms and conditions of said Agreement, exclusively.  All disputes not within the scope of the Collective Bargaining Agreement are covered by this agreement.  Both parties waive the right to a jury trial, waive the right to a court trial and waive the right to appeal.  Arbitration shall occur in the County of Orange, State of California, and shall be in accordance with the rules of the American Arbitration Association.  Before any party may initiate arbitration, the following steps must first occur in the following order:

"1.  Unless the dispute involves a termination of employment, you must first meet and confer with your Immediate Supervisor.  If not resolved with your immediate Supervisor, meet and confer with the next level supervisor, followed by a joint meeting.

"2.  If employment termination is involved or if all other disputes are not resolved at the meet and confer sessions, the disputed issues will be referred to independent mediation in the County of Orange, State of California at either the American Arbitration Association or Judicial Arbitration and Mediation Services, Inc. (JAMS), in accordance with their mediator selection process and rules, for a maximum of four hours, and the Company will pay for the mediation.  The confidentiality of the communications during said mediation shall be protected by the Evidence Code, Section 1151.5[.]

"3.  If all issues are not resolved in mediation, either party shall have the right to elect binding arbitration at the American Arbitration Association in accordance with the rules of the American Arbitration Association.  The costs shall be paid in advance and shall be shared equally by employee and Company."

4

The Agreement purported to contain plaintiff's signature, but does not have a signature on the line under "Authorized Employer Signature."

## III.

### PLAINTIFF'S OPPOSITION TO THE PETITION

Plaintiff filed a written opposition to the petition, in which she raised several challenges to the Agreement. She argued defendants failed to "reasonably authenticate any alleged agreement or meet basic evidentiary standards to establish the existence of or terms of an alleged agreement." She submitted her declaration in support of her opposition, stating she did not remember seeing or signing the Agreement. She argued the Agreement did not identify which set of the American Arbitration Association (AAA) rules would apply to binding arbitration.[2] Plaintiff also stated that the Agreement referred to a collective bargaining agreement with Teamsters Local 692, but she did not recall Teamsters Local 692 being present at her workplace. She stated that at the time her employment was terminated, Teamsters Local 848 was present.

Plaintiff argued the Agreement was unconscionable because, inter alia, it was offered on a "take-it-or-leave-it condition of employment without any opportunity to negotiate its terms," and "it affirmatively requires Plaintiff to pay unlawful fees and denies Plaintiff any appeal rights." She also argued defendants did not comply with the Agreement because they did not seek mediation before petitioning to compel arbitration.

## IV.

### DEFENDANTS' NOTICE OF ERRATA AND REPLY BRIEF IN SUPPORT OF THE PETITION

After plaintiff filed her opposition, defendants filed a notice of errata stating that with regard to the petition, defendants inadvertently failed "to add

---

[2] In her opposition, plaintiff argued, "AAA has multiple sets of rules—currently 69 separate sets, including 'labor arbitration,' 'employment arbitration rules and mediation procedures,' 'non-binding arbitration rules,' and 'employee benefit plan' rules, among many others."

Exhibit 'A', American Arbitration Association, Labor Arbitration Rules." Attached to the notice of errata is a set of the AAA's Labor Arbitration Rules, effective July 1, 2013.

Defendants also filed a reply brief, stating: "The threshold question in this matter is whether there is an agreement to arbitrate. Here, there are two clearly defined agreements to arbitrate: (1) the stand alone agreement identified as Agreement for Alternate Dispute Resolution ('AADR'); and (2) Article 28, in the Collective Bargaining Agreement ('CBA'). Plaintiff, a dues paying member of Teamsters Local 848, and prior to that, Teamsters Local 692 . . . was subject to the CBA at all times herein mentioned." The reply brief stated that a copy of "the CBA" was attached to a second declaration by Bonin, which was filed concurrently with the reply brief. The reply brief requested that the court sever the provision of the Agreement, which stated the costs of arbitration would be shared equally between the parties.

Bonin's declaration, filed in support of defendants' reply brief, authenticated an attached copy of "[t]he CBA [that was] in place at the date of Plaintiff's signing the . . . Agreement." That collective bargaining agreement (the Local 692 CBA) contained a provision entitled "Article 27—Grievance & Arbitration Procedure" which stated in part: "Grievances are defined as an alleged violation by the COMPANY or the UNION of a specific provision of this AGREEMENT." The Local 692 CBA provided that any grievance not satisfactorily settled through steps 1 and 2 of a grievance procedure would be referred to final and binding arbitration, conducted according to specified procedures.[3] In her declaration, Bonin stated that "[e]ach of the employees of Natures Best receives a copy of the CBA, including the Plaintiff herein." Bonin also stated that plaintiff was part of Teamsters Local 692 in 2001, and that in June 2003,

_____

[3] Bonin's declaration also authenticated an attached a document described as "the CBA, Article 28" which "provides for Grievance and Arbitration Procedures." Bonin's declaration does not identify to which "CBA" the article belongs.

Teamsters Local 692 merged with Teamsters Local 848. She further stated, "in order for a Union Employee like Plaintiff to work at Nature's Best, they must join a union."

Bonin also stated in her declaration that plaintiff's signature on the Agreement looked like her signature on other documents. Bonin stated the Agreement was kept in the ordinary course of business in the personnel files of all employees at the corporate office.

Defendants filed a supplemental memorandum of points and authorities in support of the petition, which stated that "[a]s a Member of The Teamsters, Plaintiff was subject to the terms and conditions of the Collective Bargaining Agreement (CBA), which also contained Article 28, 'Grievance & Arbitration Procedure." (Fn. omitted.) The memorandum cited the agreement between Nature's Best and Teamsters Local 848, dated June 1, 2014 to May 31, 2018 (the Local 848 CBA).

After plaintiff filed a "Further Response and Opposition" to the petition, defendants filed a reply to plaintiff's further response and opposition, in which they argued, inter alia, "[s]ince Defendants petitioned under the [Agreement], the applicable AAA rules are those under the heading 'Employment Arbitration Rules and Mediation.'"

V.

THE TRIAL COURT DENIES THE PETITION; DEFENDANTS APPEAL.

The trial court denied the petition, stating:

"Defendants petition this court under the Arbitration Agreement executed on 9/9/01. The document is admissible as a business record, although the court disregards Jamie Bonin's attempt to authenticate Plaintiff's signature by comparing it to other signatures as she has not detailed her qualifications as a handwriting expert.

"On Reply, for the first time, Defendants raise the Collective Bargaining Agreement (CBA) as another Arbitration Agreement but spend no time analyzing the CBA, applicable law, procedure, and rules in the supplemental briefing. [Citation.]

7

"Further, Defendants have not adequately addressed what claims are covered by the CBA as opposed to the private Arbitration Agreement, and by their terms they are mutually exclusive of each other. Further, the CBA was not included in the Notice of Motion. Moreover, the Defendants acknowledge in the supplemental briefing that they petitioned only under the Arbitration Agreement. For these reasons, the court's analysis rests only on the stand-alone Arbitration Agreement.

"Even assuming arguendo that Defendants have met their burden to show that there was a valid arbitration agreement that covered the causes of action at issue and applied to all Defendants, Plaintiff has met her burden to show that the Arbitration Agreement is unenforceable.

"Plaintiff declares that no one ever explained what arbitration meant and she does not recall being presented with the ADR Agreement. Jamie Bonin, Sr. Director of Human Resources since 2007, declares that 'it is the policy and procedure of Nature's Best that the arbitration provisions are carefully gone over and explained to new employees at their orientation . . .[.]' Ms. Bonin does not have personal knowledge of the procedure in 2001 (when the Agreement was signed) because she was not hired until 2007. She does not explain how she knows the policy prior to her employment with Nature's Best. The court finds Plaintiff's testimony persuasive.

"Further, the Arbitration Agreement states that the arbitration will be conducted 'In accordance with the rules of the American Arbitration Association,' but Nature's Best did not inform Plaintiff how to obtain a copy of the applicable rules, did not make the rules available to her, and did not attach a copy of the rules to the Agreement. Defendants do not dispute these assertions. Further, Defendants appear confused as to which AAA rules actually apply. In a Notice of Errata filed on 2/4/15 in support of the Petition to Compel Arbitration, Defendants argued that the 'Labor Arbitration Rules' applied. Then, in the supplemental briefing, Defendants analyze the 'Employment Arbitration Rules and Mediation', which are not provided to the court.

8

"Moreover, the Arbitration Agreement waives all appeal rights. Finally, the Arbitration Agreement explicitly requires Plaintiff to pay half of the costs and expense of any arbitration. The court will not sever various portions of this Agreement or rewrite it. The court therefore finds that *Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165 is distinguishable on issues regarding unconscionability." (Some italics omitted.)

Defendants appealed.


## DISCUSSION

"[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable. Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.)

Defendants contend the trial court erred by concluding that there was no agreement to arbitrate plaintiff's claims. The ""'"[i]nterpretation of a written document where extrinsic evidence is unnecessary is a question of law for independent review by the Court of Appeal. [Citations.]"'" (*Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164, 1169-1170.) We therefore review this issue de novo.

"California contract law applies to determine whether the parties formed a valid agreement to arbitrate. [Citations.] General contract law principles include that '[t]he basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting. [Citations.] . . . "The words of a contract are to be understood in their ordinary and popular sense." [Citations.]' [Citation.] Furthermore, '[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably

9

practicable, each clause helping to interpret the other.' (Civ. Code, § 1641.)" (*Mitri v. Arnel Management Co.*, *supra*, 157 Cal.App.4th at p. 1170.)

The petition sought to compel arbitration solely based on the arbitration provision contained in the Agreement which defendants claimed plaintiff signed in 2001. The Agreement was purportedly authenticated by Bonin, who began her employment with defendants in 2007. In opposition to the petition, plaintiff's declaration stated she did not remember ever seeing or signing the Agreement.

We do not need to address whether the Agreement was properly authenticated because, even assuming the Agreement indeed bears plaintiff's signature, it fails to reflect plaintiff's agreement to submit her claims against defendants in the instant case to binding arbitration pursuant to its terms. First, although not specifically raised by the parties, we note the Agreement states it is between "employee and Company." The body of the Agreement does not define either term. The signature block of the Agreement, however, has the name "Julie Flores" printed and signed under the word "Employee." The signature block for the employer is not filled in, dated, or signed under the heading "Authorized Employer Signature." Therefore, the Agreement does not identify with which entity or entities plaintiff had agreed to submit "all legal, equitable and administrative disputes" to the AAA for mediation and binding arbitration. In this case, defendants sought to enforce the arbitration provision of the Agreement against plaintiff.

Second, the Agreement fails to define which disputes would be subject to arbitration before the AAA, and which would be subject to resolution through the grievance and arbitration procedure contained in a collective bargaining agreement. The Agreement requires plaintiff to "submit all legal, equitable and administrative disputes to the American Arbitration Association for mediation and binding arbitration. This applies to all employee disputes, *except* those actually covered by the grievance and arbitration

10

procedure in the Agreement between Nature's Best and Teamster's Local 692, hereinafter referred to as the 'Collective Bargaining Agreement.'" (Italics added.)

Defendants' moving papers did not include any analysis addressing why plaintiff's claims in the instant action were not subject to an arbitration provision in a collective bargaining agreement. In support of their reply brief and supplemental memorandum of points and authorities filed in the trial court, defendants submitted evidence of the Local 692 CBA, which was in effect when plaintiff was hired by defendants in 2001, and also of the Local 848 CBA with effective dates of June 1, 2014 to May 31, 2018. Given the dearth of defendants' analysis and inconsistent positions, it is unclear which collective bargaining agreement defendants believe should be considered in interpreting the scope of the arbitration provision of the Agreement in this case.

Third, the Agreement also fails to identify which set of the AAA rules would apply to binding arbitration. The Agreement simply states disputes that are not subject to the grievance and arbitration procedure in the collective bargaining agreement are to be submitted to the AAA for mediation and binding arbitration to be held in accordance "with the rules of" the AAA. In an effort to clarify that ambiguity, defendants asserted in their notice of errata that the AAA's Labor Arbitration Rules applied and attached a copy of them. The cover of the copy of those rules states they became effective in 2013—about 12 years after plaintiff signed the Agreement. To make matters worse, in a reply to plaintiff's further response and opposition to the petition, defendants asserted the AAA's Employment Arbitration Rules and Mediation Procedures applied; defendants did not produce a copy of those rules to the trial court. In their opening brief on appeal, defendants argue the AAA's Employment Arbitration Rules and Mediation Procedures apply.

Defendants did not produce evidence that identified any particular set of AAA rules that were in effect at the time plaintiff signed the Agreement. Defendants

11

could have but did not specify the type or version of AAA rules in the Agreement, attach a copy of the governing rules, or provide information such a Web site link to plaintiff, informing her where she might find the governing arbitration rules.

Viewing the Agreement as a whole (*Mitri v. Arnel Management Co.*, *supra*, 157 Cal.App.4th at p. 1170), the Agreement is ambiguous regarding (1) whether the arbitration provision of the Agreement (not a grievance and arbitration procedure of a collective bargaining agreement) applied to any or all of plaintiff's claims against any or all of defendants in the instant action and (2) the governing rules and procedures for any such arbitration. We cannot conclude the parties reached agreement on the matter of submitting any or all of plaintiff's claims to final and binding arbitration as contemplated by the Agreement. The trial court therefore did not err by denying the petition; we do not need to analyze whether the arbitration provision was procedurally and/or substantively unconscionable.

At oral argument, defendants' counsel relied on *Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232 in support of defendants' argument that their motion to compel arbitration should have been granted. In that case, a panel of this court, inter alia, agreed with the trial court that an arbitration provision was not unconscionable and a cost provision should be severed. (*Id.* at p. 240.) The plaintiff in that case did not argue, and consequently the appellate court did not address, the threshold issue that is dispositive in this appeal for the reasons discussed *ante*—whether the parties had reached an agreement on the matter of submitting any or all of the plaintiff's claims to final and binding arbitration. It is therefore inapplicable.

In *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1241, the California Supreme Court analyzed "the enforceability of an arbitration agreement under the law of unconscionability." Like the appellate court in *Nguyen v. Applied Medical Resources Corp.*, *supra*, 4 Cal.App.5th 232, the Supreme Court was not presented with the issue

12

whether an agreement had been formed between the parties before analyzing the unconscionability issue.  It too is therefore inapposite.


## DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.



FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.