Filed 7/12/23  Sawyer v. KeHE Distributors CA4/2
See Concurring Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| MICHAEL SAWYER, | |
| Plaintiff and Respondent, | E078024 |
| v. | (Super.Ct.No. CIVSB2114784) |
| KEHE DISTRIBUTORS, INC. et al., | OPINION |
| Defendants and Appellants. | |


APPEAL from the Superior Court of San Bernardino County.  Bryan F. Foster, Judge.  Affirmed.

Ballard Rosenberg Golper & Savitt, John B. Golper, John J. Manier, and Daniel J. Corbett for Defendants and Appellants.

The Myers Law Group, David P. Myers and Morgan Good for Plaintiff and Respondent.

Plaintiff Michael Sawyer sued defendant, KeHE Distributors, Inc., for wrongful termination under several theories relating to a disability plaintiff suffered due to a slip

1

and fall which left him limited to light duty. When defendant changed the light duty assignment, plaintiff objected, resulting in his termination. After answering plaintiff's complaint, defendant filed a motion to compel arbitration, which the trial court denied. Defendant appeals.

On appeal, defendant argues the trial court erred in denying the motion to compel arbitration because the Federal Arbitration Act applies to a document signed by plaintiff at the time of his hiring, and that, because this case is distinguishable from *Flores v. Nature's Best Distribution, LLC* (2016) 7 Cal.App.5th 1, involving a nearly identical arbitration provision, the arbitration agreement in this case is enforceable. We affirm.

## BACKGROUND

The facts are undisputed[1] as set out in the complaint. Plaintiff Michael Sawyer was hired by Nature's Best Distribution, LLC (Nature's Best) in February 2012 as a temporary worker, but he became a full time employee in April 2012. As part of the hiring process, plaintiff was handed a "stack" of documents, and was instructed to complete and execute them. During his employment with KeHE, plaintiff was a member of Teamsters Local 848 (Union), and his employment was governed by the operative collective bargaining agreement (CBA) between the Union and KeHE Distributors, Inc. In 2014, Nature's Best was acquired by defendants KeHE Distributors, Inc. (KeHE or defendant) and all Nature's Best employees became KeHE employees.

---

[1] As is normal in this type of case, we take the facts from the complaint, pleadings, and facts submitted respecting the petition to compel arbitration.

On or about August 13, 2020, while plaintiff was working for defendants, plaintiff slipped in the restroom and suffered, among other injuries, a lumbar contusion and injuries to his groin and left foot. He promptly informed his coworker and shop steward of the injury and received medical treatment. He also informed the manager. Plaintiff's doctor issued a work status report with work restrictions. After being referred to defendant's third-party health care provider, another report with work restrictions was provided to KeHE.

A short time later he was given a new schedule with light duties and a change in his work hours, but the light duty violated his work restrictions, so plaintiff declined to sign the document. In September 2020, plaintiff was terminated from his employment. No mediation occurred respecting plaintiff's grievance.

Plaintiff then filed suit against defendants for disability discrimination, failure to accommodate disability, failure to engage in the interactive process, retaliation for requesting accommodation, failure to prevent discrimination and retaliation, and wrongful termination in violation of public policy. On September 3, 2021, defendant filed a motion to compel arbitration.

An alternative dispute resolution agreement was included among the documents presented to plaintiff at the time of his hiring by Nature's Best. That agreement purported to refer "all legal, equitable and administrative disputes to the American Arbitration Association for mediation and binding arbitration. This applies to all employee disputes, except those actually covered by the grievance and arbitration

procedure in the Agreement between Nature's Best and Teamster's Local 848, hereinafter referred to as the 'Collective Bargaining Agreement.'" The agreement further provided that both parties waived the right to a jury or court trial, as well as the right to appeal. However, before either party could initiate binding arbitration, a mediation procedure had to be exhausted. At the time defendant made its motion to compel arbitration, no mediation had occurred.

On October 25, 2021, after hearing arguments and taking the matter under submission, the trial court denied the motion on the ground that defendants "failed to meet their burden of showing that Plaintiff agreed to submit his claims to final and binding arbitration." On November 5, 2021, defendant timely appealed.

## DISCUSSION

The sole issue presented in this appeal is a claim that the trial court erred in denying defendant's motion to compel arbitration. Defendant argues that plaintiff signed an agreement to arbitrate when he was hired by Nature's Best, prior to defendant's acquisition of the business, thereby agreeing to submit all claims in his lawsuit to binding arbitration. Plaintiff, in response, posits that the trial court properly denied the motion where the arbitration agreement in question was identical to an arbitration agreement that had been declared invalid in the published decision of *Flores v. Nature's Best Distr. LLC, supra,* 7 Cal.App.5th 1, where the reviewing court found there was no agreement to arbitrate. We agree with plaintiff.

4

A.	*Standard of Review*

Where the facts in the record are undisputed, our review is *de novo*.  (*Diaz v. Sohnen Enterprises* (2019) 34 Cal.App.5th 126, 129, citing *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413; *Flores v. Nature's Best Distribution, LLC*, *supra*, 7 Cal.App.5th at p. 9; *Esparza v. Sand & Sea, Inc*. (2016) 2 Cal.App.5th 781, 787.)  "If the court's order is based on a decision of fact, then we adopt a substantial evidence standard."  (*Robertson v. Health Net of California* (2005)132 Cal.App.4th 1419, 1425.)

In the present case, the court's conclusion that there was no arbitration agreement was a factual determination.  (*Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th 763, 771, citing *Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 141, disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 524.)  Yet defendant urges us to apply the *de novo* standard of review.[2]  We will review the trial court's finding that there was no enforceable arbitration agreement applying the substantial evidence test and will resolve any remaining legal issues under the independent reviewing standard.  (See *Fleming v. Oliphant Financial, LLC* (2023) 88 Cal.App.5th 13, 18, citing *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (U.S.), LLC* (2012) 55 Cal.4th 223, 236 (*Pinnacle*).)

_____

[2]  At oral argument, defendant argued that the trial court in this case, unlike the case of *Flores*, did not find there was no agreement to arbitrate.  This statement is refuted by the trial court's ruling that defendants "failed to meet their burden of showing that Plaintiff agreed to submit his claims to final and binding arbitration."

B. *General Legal Principles Governing Motions to Compel Arbitration.*

California's Code of Civil Procedure, section 1281, provides, "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." "'The policy of California law is to recognize and give the utmost effect to arbitration agreements.'" (*Fleming v. Oliphant Financial, LLC, supra*, 88 Cal.App.5th at p. 19, quoting *Loscalzo v. Federal Mut. Ins. Co*. (1964) 228 Cal.App.2d 391, 398.)

The party seeking arbitration bears the burden of proving the existence of an arbitration agreement. (*Fleming v. Oliphant Financial, LLC, supra,* 88 Cal.App.5th at p. 18.) If such an agreement exists, then the court is statutorily required to order the matter to arbitration. (Code Civ. Proc., § 1281.2; *Fleming, supra,* at p. 19.) However, there is no policy compelling persons to accept arbitration of controversies that they have not agreed to arbitrate. (*Fleming, supra,* at p. 19, citing *Long v. Provide Commerce, Inc.* (2016) 245 Cal.App.4th 855, 861.)

"'Contract formation requires mutual consent, which cannot exist unless the parties "agree upon the same thing in the same sense."'" (*HM DG, Inc. v. Amini* (2013) 219 Cal.App.4th 1100, 1109, quoting *Bustamante v. Intuit, Inc*. (2006) 141 Cal.App.4th 199, 208.) "'Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.' [Citations.]"

6

(*Bustamante*, *supra*, at p. 208.) "Where the existence of a contract is at issue and the evidence is conflicting or admits of more than one inference, it is for the trier of fact to determine whether the contract actually existed. But if the material facts are certain or undisputed, the existence of a contract is a question for the court to decide." (*Ibid.*; see *Robinson & Wilson, Inc. v. Stone* (1973) 35 Cal.App.3d 396, 407 ["the question whether the contract . . . is sufficiently definite and certain in its essential terms to give rise to a legal obligation is a question of law"].)

In *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111(*OTO*), the Supreme Court recognized that notwithstanding the strong public policy favoring arbitration, ""'generally applicable contract defenses, such as . . . unconscionability, may be applied to invalidate arbitration agreements without contravening" the FAA' or California law." (*Id.* at p. 125, quoting *Pinnacle, supra,* 55 Cal.4th at p. 246; see *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339 (*Concepcion*) [179 L. Ed. 2d 742, 131 S. Ct. 1740].)[3]

"A contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." (*OTO, supra*, 8 Cal.5th at p. 125; see also, *Gostev v. Skillz Platform, Inc*. (2023) 88 Cal.App.5th 1035, 1054-1055.) The doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or

---

[3] Importantly, state law rules that do not "'interfere[] with fundamental attributes of arbitration'" [citation] do not implicate *Concepcion's* limits on state unconscionability rules. (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1143.)

surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. (*Sonic-Calabasas A, Inc. v. Moreno*, *supra*, 57 Cal.4th 1109, 1133.)

"'The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. [Citations.] Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided.' [Citations.]" (*OTO, supra*, 8 Cal.5th at p. 125; *Gostev v. Skillz Platform, Inc.* (2023) 88 Cal.App.5th 1035, 1054.) The prevailing view is that both procedural and substantive unconscionability must be present for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability, although they need not be present in the same degree. (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910 (*Sanchez*).) "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude that the term is unenforceable, and vice versa." (*Armendariz v. Foundation Health Psychare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*).)

A procedural unconscionability analysis "begins with an inquiry into whether the contract is one of adhesion." (*Armendariz, supra,* 24 Cal.4th at p.113.) An adhesive contract is standardized, generally on a preprinted form, and offered by the party with superior bargaining power "on a take-it-or-leave-it basis." (*Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1245; see *Armendariz, supra*, at p. 113.) Arbitration contracts imposed as a condition of employment are typically adhesive. (*Armendariz, supra*, at pp.

8

114–115; *Serpa v. California Surety Investigations, Inc.* (2013) 215 Cal.App.4th 695, 704.) There is little arms' length negotiation or reciprocity involved in signing a pre-printed document prepared entirely by one party.

Here, Nature's Best (and later defendant, KeHE) was the party with greater bargaining power and no evidence suggests that respondents could either reject or negotiate the terms of the arbitration provision. (See *Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 215.)

Here, plaintiff "recall[ed] being given the paperwork with a group of other employees who were also being hired as permanent employees at that time. I only recall being told explanations of my benefits and how to complete the paperwork related to my benefits. I was instructed to complete all paperwork, turn it into [*sic*] Human Resources, and return to work. I do not recall being told that I was signing an arbitration agreement or having an arbitration agreement explained to me at that time." The stack of documents included approximately 24 to 26 forms,[4] according to the new hire checklist obtained from plaintiff's personnel file. The forms were not explained to plaintiff, who did not receive copies of the agreements signed, and he was not provided an opportunity to negotiate the terms of the agreement to arbitrate. The contract involved in the present case is a contract of adhesion.

The adhesive nature of the agreement demonstrates procedural unconscionability. However, a finding of procedural unconscionability does not mean that a contract will not

---

[4] The "New Hire Packet Checklist" includes a list of numerous forms, many of which have checkmarks or other handwritten indications on the face of the form.

be enforced; instead, it means ""'that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided.""" (*Gostev v. Skillz Platform, Inc., supra*, 88 Cal.App.5th at p. 1056, quoting *Sanchez, supra*, 61 Cal.4th at p. 915.)

Substantive unconscionability examines the fairness of a contract's terms. This ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as "'overly harsh'" (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1532), "'unduly oppressive'" (*Perdue v. Crocker National Bank* (1985) 38 Cal.3d 913, 925), "'so one-sided as to "shock the conscience"'" (*Pinnacle, supra*, 55 Cal.4th at p. 246), or "unfairly one-sided." (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071.)

"'[A] mandatory arbitration agreement is substantively unconscionable if it requires the payment of unaffordable fees to initiate the process.' [Citation.]" (*Penilla v. Westmont Corp., supra*, 3 Cal.App.5th at p. 218; *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 98.) The agreement in the instant case includes a provision requiring "[t]he costs of arbitration to be paid in advance and shall be shared equally by employee and the Company." In this respect, the arbitration agreement at issue here varies slightly from the cost provision in the contract at issue in *Flores, supra.* However, that does not remedy the unconscionability where those costs are not set forth, are required to be paid in advance of initiating arbitration, and where the costs of arbitration are known to be quite high, and thus out of reach for many employees. While no evidence of the actual

10

current cost of arbitration was presented at the hearing in the present case, it is fair to assume it has not become more affordable today than it was in 2016, when fees for a single JAMS arbitrator ranged from $500 to $800 per hour, or from $5,000 to $10,000 per day. (See, *Penilla v. Westmont Corp., supra*, at p. 218.)

In addition, as was the case in *Flores,* the agreement in the present case includes a provision that requires plaintiff to "submit all legal, equitable and administrative disputes to the American Arbitration Association for mediation and binding arbitration. This applies to all employee disputes, except those actually covered by the grievance and arbitration procedure in the Agreement between Nature's Best and Teamster's Local 848, hereinafter referred to as the 'Collective Bargaining Agreement.'" Unconscionability of this provision was found in the *Flores* case because the agreement failed to identify which set of the AAA rules would apply to binding arbitration; it provides that the arbitration will occur in Orange County and shall be in accordance with the rules of the American Arbitration Association. The same language appears in the present agreement.[5]

In *Flores,* identical provisions of the agreement (see *Flores, supra,* 7 Cal.App.5th at p. 10), led the Court of Appeal to conclude the Agreement was ambiguous "regarding

---

[5] At oral argument, defendant argued that this factor should not be considered because the AAA rules can be found on the Internet. However, the question is not whether the rules can be found anywhere; the question is whether plaintiff was made aware of the rules at the time he signed the agreement. If the rules were unknown to him at that time, and if he was not accorded an opportunity to review them before signing, it cannot be said plaintiff was aware of the rules that would govern any arbitration, for purposes of determining there was an agreement to arbitrate when he signed the document.

11

(1) whether the arbitration provision of the Agreement (not a grievance and arbitration procedure of a collective bargaining agreement) applied to any or all of plaintiff's claims against any or all of defendants in the instant action[6] and (2) the governing rules and procedures for any such arbitration." (*Flores, supra, 7* Cal.App.5th at p. 11.) Due to the ambiguity of this provision Division Three of our District concluded the parties had not reached agreement on the matter of submitting any or all of plaintiff's claims to final and binding arbitration as contemplated by the Agreement. (*Id.,* at p. 11.)

While the arbitration agreement in the present case contains some modifications from the earlier version at issue in *Flores*, the ambiguous provision found to preclude arbitration in *Flores* is alive and well in the present agreement, constitutes substantive unconscionability, and supports the trial court's conclusion that defendant failed to meet its burden that there was no valid agreement to arbitrate. But there's more.

C. *Waiver*

In addition to the unconscionable terms of the adhesion agreement supporting the trial court's conclusion, there is an additional reason for denying the motion to compel arbitration. To the extent defendant's motion purported to bind plaintiff to the terms of the alternate dispute resolution agreement, it bears noting that defendant did not comply with an express condition precedent to seeking binding arbitration. Because the relief defendant seeks will require examination of this matter, it is appropriate for us to address

---

**6** The complaint names KeHE Distributors, Inc., as well as Nature's Best Distribution, the entity responsible for drafting the Alternate Dispute Resolution agreement.

12

it now, in the interest of judicial economy.  The agreement that defendant seeks to enforce provides as follows:

"Before any party may initiate arbitration, the following steps must first occur in the following order:  (1) Unless the dispute involves a termination of employment, you must first meet and confer with your immediate Supervisor.  If not resolved with your immediate Supervisor, meet and confer with the next level supervisor, followed by a joint meeting.  (2)  If employment termination is involved or if all other disputes are not resolved at the meet and confer sessions, the disputed issues will be referred to independent mediation in the County of Orange, State of California at either the American Arbitration Association or Judicial Arbitration and Mediation Services, Inc. (JAMS), in accordance with their mediator selection process and rules, for a maximum of four hours, and the Company will pay for the mediation.  The confidentiality of the communications during said mediation shall be protected by the Evidence Code, Section 1151.5. (3)  If all issues are not resolved in mediation, either party shall have the right to elect binding arbitration at the American Arbitration Association in accordance with the rules of the American Arbitration Association.  The costs shall be paid in advance and shall be shared equally by employee and Company."

Defendant never sought mediation as required by its own adhesive contract and its failure to satisfy the condition precedent of submitting to mediation prior to initiating arbitration qualifies as a waiver of the right to arbitrate.  California Code of Civil Procedure, section 1281.2 provides in part, "On petition of a party to an arbitration

13

agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:  (a) The right to compel arbitration has been waived by the petitioner."

"Waiver" generally refers to the voluntary relinquishment of a known right.  (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 315.)  However, "it can also mean the loss of an opportunity or a right *as a result of a party's failure to perform an act it is required to perform*, regardless of the party's intent to . . . relinquish the right."  (*Engalla v. Permanente Medical Group, Inc*. (1997) 15 Cal.4th 951, 983, italics added, quoting *Platt Pacific, Ind. v. Andelson, supra,* at p. 315.)

"'In determining waiver, a court can consider "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced the opposing

14

party.'"'"' (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196.)

Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. (*Platt Pacific, Inc. v. Andelson, supra,* 6 Cal.4th at p. 319; see also *Engalla, supra*, 15 Cal.4th at p. 983.) "When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling." (*Platt Pacific, Inc. v. Andelson, supra*, at p. 319.) As an issue of law only, we may address it for the first time on appeal. (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742.) While the trial court did not need to reach this issue, we cannot ignore the defendant's failure to comply with a mandatory condition precedent to compelling arbitration where consideration of the issue would be inevitable if the trial court's ruling were to be reversed.

In the case before us, the essential facts are not disputed: defendant skipped the mediation requirement in attempting to initiate arbitration, and its actions are inconsistent with the right to arbitrate. (*Sobremonte v. Superior Court* (1996) 61 Cal.App.4th 980, 992.) Its failure to participate in mediation, a condition precedent to initiating arbitration in accordance with the agreement in the present case, constitutes a waiver of the right to arbitrate the dispute. A petition or motion to compel arbitration may be denied where "[t]he right to compel arbitration has been waived by the petitioner." (Code Civ. Proc., § 1281.2, subd. (a).)

15

We note that in situations where there is an enforceable agreement to arbitrate, the arbitrator would determine whether the breach of the condition precedent avoids the duty to arbitrate, as well as whether defendants' failure to request mediation waived their right to compel arbitration. (See, *John Wiley & Sons v. Livingston* (1964) 376 U.S. 543, 557 [84 S. Ct. 909, 11 L. Ed. 2d 898].) However, as provided by the California Code of Civil Procedure, a waiver grounded on the defendant's failure to satisfy the conditions precedent to seeking arbitration warrants a denial of the motion to compel arbitration in the first instance. Therefore, even if we could agree that there was an enforceable agreement to arbitration with defendant, an arbitration of the dispute would not likely occur due to defendant's failure to initiate mediation as a condition precedent to arbitration.

Further, given the high cost of initiating arbitration — a cost that must be paid in advance, according to the agreement — defendant should not be permitted to require plaintiff to submit to arbitration under an unconscionable agreement where defendant has, itself, failed to satisfy the express preconditions to arbitration — conditions it drafted into the adhesion agreement.

The order denying defendant's motion to compel arbitration was proper.

**DISPOSITION**

The judgment is affirmed.  Plaintiff Sawyer is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


I concur:

SLOUGH
J.

17

[*Michael Sawyer v. KeHE Distributors, Inc. et al.*, E078024]

MENETREZ, J., Concurring.

The arbitration agreement in this case is not materially distinguishable from the arbitration agreement in *Flores v. Nature's Best Distribution, LLC* (2016) 7 Cal.App.5th 1, because (1) although the agreement is on "Nature's Best" letterhead, the agreement is between "employee and Company," but "Company" is not defined; (2) the agreement does not identify which disputes are subject to arbitration and which are subject to the provisions of a collective bargaining agreement, because the agreement does not specify which collective bargaining agreement is at issue; and (3) the agreement does not identify which American Arbitration Association rules would apply to any arbitration. (*Id.* at pp. 9-10.) The trial court accordingly did not err by denying the petition to compel arbitration. I therefore concur in the judgment.

MENETREZ _____

J.

1