Filed 9/19/23  Padilla v. Partners Personnel Management Services CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TRINIDAD PADILLA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PARTNERS PERSONNEL MANAGEMENT SERVICES, LLC,<br><br>Defendant and Appellant. | B318349<br><br>(Los Angeles County Super. Ct. No. 21STCV03616) |

APPEAL from an order of the Superior Court of Los Angeles County, David S. Cunningham, Judge. Reversed and remanded with directions.

Gordon Rees Scully Mansukhani, Craig Nickerson, Darin R. Webb, Matthew G. Kleiner and Andrea K. Williams for Defendant and Appellant.

Mahoney Law Group, Katherine J. Odenbreit and Raleigh P. Dixon for Plaintiff and Respondent.

# INTRODUCTION

Trinidad Padilla filed a putative class action against Partners Personnel-Management Services, LLC (Partners Personnel), and Vanitas Manufacturers, Inc. dba Cal-Western Manufacturers (Vanitas), alleging various wage and hour claims under the Labor Code arising out of his employment. In response, Partners Personnel moved to compel arbitration, strike the class claims, and dismiss or stay the litigation based on a document Padilla signed entitled "Partners Personnel Dispute Arbitration and Resolution Program" (the arbitration agreement). The trial court denied the petition on the sole basis that Partners Personnel failed to meet its burden to show mutual assent because the arbitration agreement did not define "Company" and "Employee."[1]

We conclude it is possible to identify the parties to the agreement (see Civ. Code, § 1558) based on the language of the arbitration agreement as a whole, the allegations in Padilla's complaint, and uncontradicted evidence submitted in support of Partners Personnel's petition. We therefore reverse the trial court's order denying the petition, and remand the matter to the trial court for consideration of the issues raised by the parties in support of and in opposition to the petition, but not reached by the trial court.

---

1 Vanitas is not a party to this appeal. According to Partners Personnel's petition, Vanitas filed a joinder to the petition. Vanita's joinder is not in the record on appeal, however.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. Partners Personnel, a staffing company, hired Padilla in 2018. Partners Personnel then assigned Padilla to work for Vanitas. As part of the hiring process with Partners Personnel, Padilla signed the Spanish language version of the arbitration agreement.[2]

The arbitration agreement provided, in relevant part: "[T]he Company and the Employee accept that any and all legally known disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration in accordance with the employment Arbitration Rules of the American Arbitration Association in effect at that time. . . . The arbitration agreement includes any claim that the Company may have against the Employee, or that the Employee may have against the Company or against any of its representatives, officers, employees, agents or parent, subsidiary or affiliated company, except as set forth below . . . . This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. and shall prevail after the termination of the employment relationship."

In 2021, Padilla filed a putative class action complaint against Partners Personnel and Vanitas for alleged violations of the Labor Code, including failure to pay all wages, failure to provide meal and rest periods, failure to pay wages at separation,

---

[2] In support of its petition to compel arbitration, Partners Personnel also submitted an English language version of the agreement, prepared by a translator certified by the Judicial Council of California.

failure to provide accurate wage statements, and unfair business practices. In response, Partners Personnel filed a petition to compel arbitration, strike class claims, and dismiss or stay the action. In support of its petition, Partners Personnel submitted the declaration of Julie Danley (an Executive Vice President of Partners Personnel), and copies of the full arbitration agreement in Spanish and English. Padilla opposed the petition, arguing in part that Partners Personnel failed to sufficiently identify the parties to the arbitration agreement based on its use of the undefined terms "Company" and "Employee." Padilla did not submit his own declaration in support of the opposition.

Following an initial hearing on the petition, the trial court continued the hearing to allow both parties to submit supplemental briefing on the following issues: (1) "[t]he arbitrations agreement's failure to define 'Company' and 'Employee'"; (2) "[t]he arbitration agreement's 'Connecticut law' provision"; and (3) "[w]hether the arbitration agreement only permits [Partners Personnel] to modify the terms and provides remedies to [Partners Personnel] that are not available to [Padilla]."

After reviewing the supplemental briefs and hearing oral argument, the trial court denied the petition. The trial court concluded Partners Personnel "fail[ed] to show assent" because "the arbitration agreement fails to define 'Company and 'Employee'[ ]." The court declined to reach the remaining issues in light of its conclusion.

Partners Personnel timely appealed the order denying its petition.

4

## DISCUSSION

### A. Governing Law and Standard of Review

The Federal Arbitration Act (FAA) provides arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) "'[E]ven when the [FAA] applies, [however], interpretation of the arbitration agreement is governed by state law principles . . . . Under California law, ordinary rules of contract interpretation apply to arbitration agreements . . . . '"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties . . . .""'" (*Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 177.) With that goal in mind, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (Civ. Code, § 1641.)

"[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable. Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.)

The issue on appeal is whether Partners Personnel met its burden to show a valid agreement to arbitrate exists between it and Padilla. "When, as here, no conflicting extrinsic evidence is introduced to aid the interpretation of an agreement to arbitrate, the Court of Appeal reviews de novo a trial court's ruling on a

5

petition to compel arbitration." (*California Correctional Peace Officers Assn. v. State of California* (2006) 142 Cal.App.4th 198, 204.)

## B.     Analysis

Partners Personnel contends it is possible to identify the parties to the agreement despite the agreement's failure to define the terms "Company" and "Employee." It follows, according to Partners Personnel, that the trial court erred by finding no valid arbitration agreement exists between it and Padilla. For the reasons discussed below, we agree.

Although the arbitration agreement certainly could have been clearer by simply defining "Company" and "Employee," when reviewing the arbitration agreement as a whole, as we must (see Civ. Code, § 1641), it is at the very least "possible to identify" the parties. (See Civ. Code, § 1558 ["It is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them"].) The company's name is referenced several times in the agreement, beginning with the title: "Partners Personnel Dispute Arbitration and Resolution Program[.]" The Partners Personnel logo is also prominently placed in the top left corner of the first page of the agreement. Finally, although the first paragraph of the agreement concerns matters other than arbitration, such as Padilla's at will-status, it contains 11 references to "Partners Personnel." For example, the fourth sentence states: "I understand that my employment at Partners Personnel is on an at-will basis and that I can terminate it at any time, with or without reason, and with or without notice, either by me or by Partners Personnel." (Bold text omitted.) No other company is referenced in the four-page document.

6

Moreover, it is undisputed Padilla signed the agreement the day he was hired by Partners Personnel, and the agreement was retrieved from Padilla's personnel file. Thus, under the terms of the agreement, Padilla "waive[d] [his] right to have any dispute, claim or controversy . . . decided by a judge or jury in a court." (Bolded text and capitalization omitted.) Padilla also acknowledges he was employed by Partners Personnel, alleging in his complaint that it should be "deemed an employer" because Partners Personnel "hired, placed and paid [him]." That Partners Personnel "does [not] address why it failed to define the term 'Company' at any point in the four-page document[,]" as Padilla argues, has no bearing on the issue before us (i.e., whether it is possible to identify the parties to the arbitration agreement). Although defining the terms would have undoubtedly made the agreement clearer, failing to do so does not render the agreement unenforceable in *every* instance based on the standard set forth in Civil Code section 1558.

The sole case relied on by both Padilla and the trial court, *Flores v. Nature's Best Distribution, LLC* (2016) 7 Cal.App.5th 1 (*Flores*), is distinguishable. In *Flores*, the court noted that "although not specifically raised by the parties, . . . the Agreement states it is between 'employee and Company[ ]'" but the Agreement "does not define either term." (*Id*. at p. 9.) The court observed that the agreement, therefore, "does not identify with which entity or entities plaintiff had agreed to submit 'all legal, equitable and administrative disputes' to the AAA for mediation and binding arbitration." (*Ibid*.) The court went on to hold that it "cannot conclude the parties reached agreement on the matter of submitting any or all of plaintiff's claim to . . . arbitration as contemplated by the Agreement"

7

because "[v]iewing the Agreement as a whole [citation], the Agreement is ambiguous regarding (1) whether the arbitration provision of the Agreement (not a grievance and arbitration procedure of a collective bargaining agreement) applied to any or all of plaintiff's claims against any or all of defendants in the instant action and (2) the governing rules and procedures for any such arbitration." (*Id*. at p. 11.) *Flores*, therefore, does not stand for the proposition that the parties to a written contract must be specifically defined in the text to prove the existence of an agreement. Rather, perhaps because the argument was not developed by the parties, and/or because the court found the agreement in *Flores* was ambiguous in two other respects, the *Flores* court did not analyze whether it was "possible to identify" (Civ. Code, § 1558) the parties to the agreement despite the undefined terms. As discussed above, because here it is possible to identify the parties to the arbitration agreement based on the context (including, most notably, the title of the arbitration agreement), the trial court erred by denying Partners Personnel's petition to compel arbitration on the sole ground that it failed to define the terms "Company" and "Employee."

**DISPOSITION**

The order is reversed. The matter is remanded to the trial court for consideration of all issues raised by the parties in support of and in opposition to the petition, but not reached by the trial court in light of its holding, including the choice-of-law and modification issues (which the trial court expressly declined to reach). If the trial court determines a valid arbitration agreement exists between Partners Personnel and Padilla, then it must determine whether the claims against Vanitas should also be arbitrated. Partners Personnel is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

9