Filed 6/30/25  P. v. Wooten CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E084186 |
| v. | (Super. Ct. No. RIF106959) |
| ISAIAH ISAAC WOOTEN, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed with directions.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

When defendant and appellant Isaiah Wooten was 15 years old, he shot a rival gang member with a shotgun. A jury convicted him of one count of attempted murder (Pen. Code, § 664, 187; count 1),[1] and one count shooting from a motor vehicle (former § 12034, subd. (c) [now § 26100]; count 2), and found true firearm enhancements (§ 12022.53, subd (d)) for both offenses. The trial court sentenced him to life with the possibility of parole, plus 25 years to life, and stayed a five-year term on count 2. Defendant was sentenced to a minimum term of 32 years (7 years for the attempted murder (§§ 187, subd. (a), 664, subd. (a), 3046, subd. (a)) and 25 years for gun-use enhancement).

Defendant filed a petition to recall his sentence under section 1170, subdivision (d)(1)(A) (section 1170(d)(1)(A)), which the trial court denied on the ground that defendant was not sentenced to life without the possibility of parole (LWOP) or a de facto LWOP sentence.

Defendant appeals, arguing that (1) the trial court erred in finding he was ineligible for relief under section 1170(d)(1)(A), (2) even if the court did not err, the statute violates equal protection, and (3) the abstract of judgment must be corrected to reflect that the trial court stayed a five-year term on count 2 under section 654.

---

[1] All further statutory references are to the Penal Code.

We affirm the judgment but direct the trial court to correct the abstract of judgment.

## II.

## PETITION FOR RECALL OF SENTENCE UNDER SECTION 1170(D)(1)(A)

Under section 1170(d)(1)(A), certain juvenile offenders may petition for recall and resentencing of their LWOP sentences after they have "been incarcerated for at least 15 years." Juvenile offenders who were not sentenced to LWOP, but were sentenced to its "functional equivalent," also may be eligible for resentencing relief under section 1170(d)(1)(A). (*People v. Heard* (2022) 83 Cal.App.5th 608, 612.) If a defendant qualifies for relief under section 1170(d)(1)(A), the trial court "must recall the defendant's sentence and hold a hearing to resentence the defendant." (*In re Kirchner* (2017) 2 Cal.5th 1040, 1050.)

Defendant was not sentenced to LWOP, but he contends he was sentenced to "de facto LWOP." We disagree. In cases where courts have found the defendant was sentenced to a de facto LWOP sentence, the defendants all were "sentenced to extreme terms." (See, e.g., *People v. Heard*, *supra*, 83 Cal.App.5th at p. 614 [103 years to life], *People v. Sorto* (2024) 104 Cal.App.5th 435 [140 years to life]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040 [107 years to life].) By contrast, defendant was sentenced to a term of 32 years to life with the possibility of parole. This is not the functional equivalent of LWOP. (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583 [33-years-to-life sentence not functional equivalent of LWOP]; *People v. Garcia* (2017) 7 Cal.App.5th

3

941, 949 [defendant's sentence of 32 years to life "is on its face neither an actual nor an effective life sentence without the possibility of parole"].) As a result, we conclude the trial court correctly found that defendant was not entitled to relief under section 1170(d)(1)(A). (See *ibid*.)

## III.

## EQUAL PROTECTION

Defendant argues section 1170(d)(1)(A) violates equal protection principles given that it allows offenders convicted of offenses more serious than attempted murder (e.g., first degree murder) to petition for recall and resentencing after serving 15 years while he must serve 25 years before he is eligible for a youthful offender parole hearing. (See § 3051, subd. (b)(3).) We disagree.

As defendant acknowledges, we apply rational basis review to determine whether section 1170(d)(1)(A) violates equal protection. Under that standard, "'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."'" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) Thus, "[t]o mount a successful rational basis challenge, a party must '"negative every conceivable basis"' that might support the disputed statutory disparity," which means that "[i]f a plausible basis exists for the disparity, courts may not second-guess its '"wisdom, fairness, or logic."'" (*Ibid*.) "The only pertinent inquiry is whether the challenged difference in treatment is adequately

4

justified under the applicable standard of review." (*People v. Hardin* (2024) 15 Cal.5th 834, 850-851.)

"This core feature of equal protection sets a high bar before a law is deemed to lack even the minimal rationality necessary for it to survive constitutional scrutiny. Coupled with a rebuttable presumption that legislation is constitutional, this high bar helps ensure that democratically enacted laws are not invalidated merely based on a court's cursory conclusion that a statute's tradeoffs seem unwise or unfair." (*People v. Chatman* (2018) 4 Cal.5th 277, 289.)

The Legislature had a rational basis to provide a means to convert LWOP terms for juvenile offenders to indeterminate sentences, and to deny resentencing for offenders who already had indeterminate sentences. The Legislature enacted section 1170(d)(1)(A) in response to the United States Supreme Court's decision, *Graham v. Florida* (2010) 560 U.S. 48, 74-75, which held that states may not impose LWOP sentences on non-homicide juvenile offenders and must instead offer those offenders "some meaningful opportunity to obtain release" when their incarceration begins. (See Assembly Committee on Appropriations (2011-2012 Reg. Sess., Aug. 17, 2011, pp. 2-3; see also (See *In re Kirchner*, *supra*, 2 Cal.5th at p. 1049 [noting that section 1170(d)(1)(A) "was inspired by concerns regarding sentences of life without parole for juvenile offenders"].)

By enacting section 1170(d)(1)(A), the Legislature made the rational decision to make the incremental change of eradicating LWOP for juvenile offenders to comply with *Graham v. Florida*, *supra*, 560 U.S. 48. (See *People v. Hardin*, *supra*, 15 Cal.5th at p.

5

866.) This reasonable decision alone shows that section 1170(d)(1)(A) does not violate equal protection, even if the legislation grants no relief to juvenile offenders sentenced to lengthy, but indeterminate terms.

The Legislature had at least one other rational reason for enacting section 1170(d)(1)(A). Its "authors and supporters contend sentencing minors to die in prison is barbaric." (Assem. Com. on Appropriations, Rep. on Sen. Bill No. 9 (2011-2012 Reg. Sess.) Aug. 17, 2011, p. 2.) The legislation was thus designed to allow resentencing of minors that, "should it occur, would result in a life sentence, but one with the possibility of parole." (*Ibid*.) The Legislature could have reasonably concluded that LWOP for a juvenile offender, regardless of the crime, was unacceptable and that the issue had to be addressed immediately. (See *Kasler v. Lockyer* (2000) 23 Cal.4th 472, 488 [observing that the Legislature may make reforms """"one step at a time, addressing itself to the phase of the problem which seems most acute""""].) The Legislature was free to "decide to change the law in this area and not be concurrently concerned with" non-LWOP sentences for juvenile offenders. (*People v. Paige* (2020) 51 Cal.App.5th 194, 205.) It was not irrational for the Legislature to make a distinction between juvenile offenders who had no chance for parole and offenders like him whose sentences already permit parole.

Because the Legislature had a rational basis for enacting the recall and resentencing procedure in section 1170(d)(1)(A) only for juvenile offenders sentenced to LWOP, we conclude the statute does not violate equal protection.

6

IV.

ABSTRACT OF JUDGMENT

Defendant argues, the People concede, and we agree that the abstract of judgment omits that defendant's five-year sentence on count 2 was stayed under section 654. We therefore direct the trial court to correct this clerical error in the abstract of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 186-188.)

V.

DISPOSITION

The judgment is affirmed. The trial court is directed to issue an amended abstract of judgment to reflect that defendant's five-year term on count 2 was stayed under section 654.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

7