ZELON, Acting P. J.
*829 *128 Sohnen Enterprises appeals from the denial of its motion to compel arbitration of claims brought by its employee, Erika Diaz. The record before this court demonstrates there was no evidence to support the denial; accordingly, we reverse with directions.
FACTUAL AND PROCEDURAL BACKGROUND
Erika Diaz, an employee of Sohnen Enterprises, filed a complaint alleging workplace discrimination on December 22, 2016. Twenty days earlier, on December 2, 2016, she and her co-workers received notice at an in-person meeting that the company was adopting a new dispute resolution policy requiring arbitration of all claims. At that meeting, according to the declaration of Marla Carr, the Chief Operating Officer of Sohnen, Carr informed all employees present, including Diaz, about the new dispute resolution agreement. She included in her explanation that continued employment by an employee who refused to sign the agreement would itself constitute acceptance of the dispute resolution agreement. According to Carr, she provided the explanation in English and Elaina Diaz, a human resources employee, explained the terms in Spanish. Diaz confirmed this in her own declaration, in which she stated that she discussed the terms in Spanish; she did not provide further details about the December 2 meeting. All employees received a copy of the agreement to review at home.
On December 19, 2016, representatives of the company met privately with Diaz, who had indicated to Elaina Diaz on December 14 that she did not wish to sign the agreement. Carr and Diaz advised her again, in Spanish and English, that continuing to work constituted acceptance of the agreement.
On December 23, 2016, Diaz and her lawyer presented to Sohnen a letter dated December 20, 2016 rejecting the agreement but indicating that Diaz intended to continue her employment. On the same date, Diaz also served the complaint in this action.
*129 On January 17, 2017, Sohnen sent a demand for arbitration to Diaz's counsel, based on the fact of Diaz's continued employment at the company. Counsel for Diaz did not reply. Sohnen filed its motion to compel arbitration in April. Diaz filed opposition in May. The trial court heard argument, and denied the motion.
The trial court, in its oral ruling, held that the agreement was a "take-it or leave-it contract and (sic ) adhesion. There is no meeting of the minds." The court made no factual findings, nor did it address whether the agreement was substantively unconscionable.
DISCUSSION
A. We Review The Ruling De Novo
The facts in the record are undisputed.[1] Accordingly, our review is de novo. ( Rosenthal v. Great Western Fin. Securities Corp. (1996) 14 Cal.4th 394, 413, 58 Cal.Rptr.2d 875, 926 P.2d 1061 ; Flores v. Nature's BestDistribution, LLC (2016) 7 Cal.App.5th 1, 9, 212 Cal.Rptr.3d 284 ; Esparza v. Sand & Sea, Inc. (2016) 2 Cal.App.5th 781, 787, 206 Cal.Rptr.3d 474.)
*830 B. The Record Demonstrates Consent to Arbitration
When presented with a petition to compel arbitration, the initial issue before the court is whether an agreement has been formed. ( American Express Co. v. Italian Colors Restaurant (2013) 570 U.S. 228, 233 [133 S.Ct. 2304, 2306, 186 L.Ed.2d 417 ] [arbitration is a matter of contract]; Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US ), LLC (2012) 55 Cal.4th 223, 236, 145 Cal.Rptr.3d 514, 282 P.3d 1217 [" ' " 'a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit' " ' "].)
It is the party seeking to compel arbitration which bears the burden of proving the existence of the agreement. ( Rosenthal, supra , 14 Cal.4th at p. 413, 58 Cal.Rptr.2d 875, 926 P.2d 1061.) In this case, Sohnen presented to the trial court evidence of the manner in which the agreement was presented to Diaz, and the actions which followed. This undisputed evidence was sufficient to meet Sohnen's burden.
*130 California law in this area is settled: when an employee continues his or her employment after notification that an agreement to arbitration is a condition of continued employment, that employee has impliedly consented to the arbitration agreement. ( Pinnacle, supra , 55 Cal.4th at 236, 145 Cal.Rptr.3d 514, 282 P.3d 1217 ; Harris v. TAP Worldwide, LLC (2016) 248 Cal.App.4th 373, 383, 203 Cal.Rptr.3d 522 ; Craig v. Brown & Root, Inc. (2000) 84 Cal.App.4th 416, 420, 100 Cal.Rptr.2d 818 ; cf. Asmus v. PacificBell (2000) 23 Cal.4th 1, 11, 96 Cal.Rptr.2d 179, 999 P.2d 71 [continued employment demonstrated implied acceptance of change in job security rules].)[2]
Diaz relies on Mitri v. Arnel Management Co. (2007) 157 Cal.App.4th 1164, 69 Cal.Rptr.3d 223, and Gorlach v. Sports Club Co. (2012) 209 Cal.App.4th 1497, 148 Cal.Rptr.3d 71, arguing that these cases support the trial court's ruling. Neither case, however, addresses the situation presented here; accordingly, neither supports the result below.
In Mitri, the employee acknowledged receipt of an employee handbook containing an arbitration provision, but the acknowledgement form did not reference or contain any agreement to comply with the arbitration provision. ( Mitri, supra , 157 Cal.App.4th at p. 1173, 69 Cal.Rptr.3d 223.) The general acknowledgment stands in distinction to the express explanation provided twice to Diaz: that continued employment would itself be a manifestation of agreement to the arbitration provisions.
In Gorlach, the handbook provided to employees contained an express signature *831 requirement for the arbitration agreement: "[T]he handbook told employees that they must sign the arbitration agreement, implying that it was not effective until (and unless) they did so. Because Gorlach never signed the arbitration agreement, we cannot imply the existence of such an agreement between the parties." ( Gorlach, supra , 209 Cal.App.4th at p. 1509, 148 Cal.Rptr.3d 71.) Here, there was no such implication because Diaz was told that her continued employment was sufficient. *131 Moreover, unlike Diaz, Gorlach left her employment to avoid the arbitration obligation. ( Gorlach, supra , 209 Cal.App.4th at p. 1508, 148 Cal.Rptr.3d 71.) The uncontradicted evidence in this record demonstrates that Diaz maintained her employment status between December 2 and December 23, and remained an employee at the time of the hearing in this case. As a result, she was already bound by the arbitration agreement before the presentation of the letter indicating both her rejection of the agreement and her intent to remain employed. Although Diaz now asserts that this forced Sohnen to choose whether to proceed without arbitration, this is incorrect. At most, the letter was an attempt to repudiate the agreement. (See, e.g. Taylor v. Johnston (1975) 15 Cal.3d 130, 137, 123 Cal.Rptr. 641, 539 P.2d 425 [express repudiation requires clear and unequivocal refusal to perform]; Mammoth Lakes LandAcquisition, LLC v. Town of Mammoth Lakes (2010) 191 Cal.App.4th 435, 463, 120 Cal.Rptr.3d 797 [same].)[3]
In any event, because the employment agreement between Diaz and Sohnen was at-will, Sohnen could unilaterally change the terms of Diaz's employment agreement, as long as it provided Diaz notice of the change. "[I]t is settled that an employer may unilaterally alter the terms of an employment agreement, provided such alteration does not run afoul of the Labor Code. [Citations.]" ( Schachter v. Citigroup (2009) 47 Cal.4th 610, 619, 101 Cal.Rptr.3d 2, 218 P.3d 262.) "The at-will presumption authorizing an employer to discharge or demote an employee similarly and necessarily authorizes an employer to unilaterally alter the terms of employment, provided that the alteration does not violate a statute or breach an implied or express contractual agreement." ( Id. at p. 620, 101 Cal.Rptr.3d 2, 218 P.3d 262 ; see also DiGiacinto v. Ameriko-Omserv Corp. (1997) 59 Cal.App.4th 629, 636-637, 69 Cal.Rptr.2d 300 [in adopting the majority view of at-will contracts, the court stated "[T]the majority line of cases supports the proposition that as a matter of law, an at-will employee who continues in the employ of the employer after the employer has given notice of changed terms or conditions of employment has accepted the changed terms and conditions. Presumably, under this approach, it would not be legally relevant if the employee also had complained, objected, or expressed disagreement with the new offer; as long as the employee continued in employment with notice of the new terms, the employee has no action for breach of contract as a matter of law."].)
C. Diaz Has Not Demonstrated That The Arbitration Agreement Is Unenforceable
Once the party seeking arbitration has established that a binding agreement was formed, as Sohnen did here, the burden shifts to the party *132 opposing arbitration to demonstrate the agreement cannot be enforced. ( *832 Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951, 972, 64 Cal.Rptr.2d 843, 938 P.2d 903 ; Rosenthal, supra , 14 Cal.4th at pp. 409-410, 58 Cal.Rptr.2d 875, 926 P.2d 1061.)
A showing that an agreement is unconscionable can bar enforcement. The doctrine has "both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." ( Baltazar v. Forever 21, Inc. (2016) 62 Cal.4th 1237, 1243, 200 Cal.Rptr.3d 7, 367 P.3d 6.) Both elements must be present for a court to refuse enforcement. ( Ibid. ; see also Pinnacle, supra , 55 Cal.4th at p. 246, 145 Cal.Rptr.3d 514, 282 P.3d 1217 [both elements must be present, but there is a sliding scale; if more of one element is shown, less of the other need be present].)
The trial court found that the contract was adhesive in nature, but that finding, standing alone, is not sufficient. (See Baltazar, supra , 62 Cal.4th at p. 1245, 200 Cal.Rptr.3d 7, 367 P.3d 6 ["[t]he adhesive nature of the employment contract requires us to be 'particularly attuned' to her claim of unconscionability [citation], but we do not subject the contract to the same degree of scrutiny as '[c]ontracts of adhesion that involve surprise or other sharp practices.' "].)
This record contains no evidence of surprise, nor of sharp practices demonstrating substantive unconscionability. While Diaz argues in the introduction to her briefing that the agreement is substantively unconscionable, she fails to specify, with appropriate citations to the record and relevant legal authority, any terms of the agreement that she believes are unconscionable. Accordingly, Diaz has waived any argument that the agreement is unenforceable. ( Okorie v. Los Angeles Unified School Dist. (2017) 14 Cal.App.5th 574, 599-600, 222 Cal.Rptr.3d 475 [parties must present legal authority for all arguments made]; Benach v. County of Los Angeles (2007) 149 Cal.App.4th 836, 852, 57 Cal.Rptr.3d 363 [party raise or support issues by argument and citation to authority]; Berger v. California Ins. Guarantee Assn. (2005) 128 Cal.App.4th 989, 1007, 27 Cal.Rptr.3d 583 [parties must make coherent argument and cite authority in support of a contention; failure to do so waives the issue on appeal].)
DISPOSITION
The order denying the petition to compel arbitration is reversed and the matter is remanded for the trial court to conduct further proceedings consistent with this opinion. Appellant is to recover its costs on appeal.
I concur:
FEUER, J.

Respondent Diaz argues that she was off-work, due to illness, between December 17 and December 23, 2016. The record, however, contains no evidence to support that assertion; Diaz filed no declaration in opposition to the motion to compel, nor did any of the declarations filed present facts supporting the argument of counsel. We review based on the factual record before the trial court.

The dissent relies in part on three cases, two of which apply the law of other states, which come to a different conclusion. The first, Scott v. Education Management Corporation (3d Cir. 2016) 662 Fed.Appx. 126 involved an arbitration agreement presented to the employee after a federal civil rights dispute arose. The case was decided under Pennsylvania law which, according to the decision, requires an explicit agreement, not an implied agreement. (Id. at p. 131 ) The decision, by its own terms, does not constitute binding precedent. In the second case, Bayer v. Neiman Marcus Holdings, Inc. (N.D.Cal. Nov. 8, 2011, No. CV 11-3705 MEJ), 2011 WL 5416173, a court in the Northern District of California, acknowledging that under California law an employee could either expressly consent to a new arbitration agreement or be bound by continuing to work after it was presented, found that the terms of the agreement before it required a signature to be effective. Finally, in Kunzie v. Jack-In-The-Box, Inc . (Mo.Ct.App. 2010) 330 S.W.3d 476, 486, the court held that, under Missouri law, the assent of an employee cannot be implied where the employee has continued to work after a change in conditions of employment was presented.

Neither party has briefed the issue of repudiation, and the potential effect of an attempted repudiation on the rights of the parties is not before this court.