Filed 7/24/24  Towell v. Move CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| SELENA TOWELL, | B324868 c/w B324885 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. |
| v. | 22STCV13224, 22STCV13353) |
| MOVE, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Carolyn B. Kuhl and Gail Killefer, Judges.  Affirmed.

Mitchell Silberberg & Knupp, Adam Levin and Corey G. Singer for Defendant and Appellants.

Berenji Law Firm, Shadie L. Berenji and Kristopher N. Tayyeb for Plaintiff and Respondent.

———————————————

In consolidated appeals, defendants and appellants Move, Inc., Move Sales, Inc., and News Corporate Services, Inc., (collectively Move) appeal from orders denying motions to compel arbitration entered in favor of plaintiff and respondent Selena Towell in two employment-related actions.  On appeal, Move contends that Towell impliedly consented to an arbitration agreement in the employee handbook because after receiving an email about revisions to the handbook, she remained employed with the company.  We conclude substantial evidence supports the trial courts' findings that Towell did not have notice of the arbitration agreement, because the employer's email did not mention arbitration, and when Towell took medical leave before the deadline to review the handbook, she no longer had access to the email system or the handbook.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Employment with Move

Move hired Towell as a sales consultant associate in January 2021.  Towell acknowledged reading a copy of the employee handbook, which did not contain an arbitration agreement.

On May 20, 2021, Move employee Kat Koutsantonis sent an email to all employees with the subject line "Check Out Our Updated Employee Handbook and Confirm You've Reviewed It[.]"  The email mentioned that the handbook contained new and updated policies, including policies for paid holidays, paid time off, and bereavement leave.  The email contained a hyperlink to

the full handbook and noted that the handbook was available on the company's intranet.  The email stated that employees would receive another email later that day from the online training platform with directions to acknowledge that they had received, read, and understood the updated handbook.  Employees were required to complete the acknowledgement by May 27, 2021.

The email system shows that Koutsantonis's May 20, 2021 email was delivered to Towell's email account that same day and marked "opened and read."  There is no evidence, however, whether the email program automatically advanced messages, such that if Towell deleted a message, the program would automatically advance to the next message and mark it as read.  Towell declared that she did not see the message about the revised handbook.

Move assigned a course on the training platform for employees to review and acknowledge receipt of the handbook.  A notification to complete the course was posted within the training platform, but no email with directions was sent to employees.

On May 26, 2021, one day before the company's deadline to provide written acknowledgement of the revised handbook, Towell began a medical leave of absence.  When Towell's medical leave began, Move revoked access to her employee email account and the training platform.  She was still on leave when Move terminated her employment on December 14, 2021.

**The Revised Handbook**

A disclaimer at the beginning of the revised handbook stated in pertinent part:  "This Employee Handbook (the 'Handbook') is provided so that you may familiarize yourself with

. . . our employment-related practices and policies. . . . [¶] Except for the Company's At-Will Employment Policy applicable to its US employees only, this Handbook is not, nor should it be considered to be, an agreement or contract of employment, express or implied, or a promise of treatment in any particular manner in any given situation. This Handbook states only general Company guidelines. Any guidelines particular to the state in which you[r] work can be found on the Human Resources Knowledge Nook. You are required to comply with the practices and policies set out in this Handbook and on the Knowledge Nook as a condition of your employment with the Company, and failure to do so may lead to disciplinary action up to and including termination of employment for cause."

The revised handbook included an arbitration agreement. One provision of the arbitration policy stated, "This Mutual Agreement to Arbitrate policy is a condition of every employee's ongoing employment and shall be binding on every Employee upon receipt, whether or not the Employee signs an acknowledgement of receipt of the Handbook containing this policy. By continuing your employment after receipt of this policy, you are acknowledging your agreement to arbitrate all Claims in accordance with this policy."

The final page of the handbook had lines for an employee's signature to acknowledge receipt of the handbook and agreement to be bound by the policies as a condition of employment. The acknowledgement included the statement, "I agree to final and binding arbitration of any and all disputes related to my employment with the Company, as stated in the policy entitled 'Mutual Agreement to Arbitrate.' "

**Litigation**

On April 20, 2022, Towell filed a complaint against Move for claims related to disability discrimination (the discrimination action), which was ultimately assigned to the Honorable Gail Killefer. The following day, Towell filed a separate action against Move on behalf of herself and similarly situated employees for wage and hour violations (the class action), which was assigned to the Honorable Carolyn Kuhl.

Move filed substantially similar motions to compel arbitration in both actions on the ground that Towell agreed to arbitrate because after receiving and opening the email about the revised handbook, she remained employed for several months.

Towell opposed each motion on the grounds that no arbitration agreement was formed, the arbitration policy was void due to fraud in the execution, and the arbitration policy was unenforceable because it was unconscionable. Towell argued that there was no arbitration agreement, because she had not seen the email or the arbitration policy contained in the handbook before Move filed motions to compel arbitration. The email about the handbook did not mention arbitration and did not attach a copy of the handbook or the arbitration policy. She never signed or acknowledged the handbook or the arbitration policy.

Towell submitted her declaration in support of the oppositions. She declared, "I have never seen the May 20, 2021 email . . . ." attached to Move's motions to compel arbitration. Move never notified her that she had to arbitrate employment claims if she continued her employment. Towell never signed or acknowledged the handbook or arbitration policy. She added, "I have never clicked on a hyperlink that led me to Move's

5

Handbook, and I did not log into Move's online portal and read the Handbook."

Towell declared, "As of May 20, 2021, I was afflicted with a serious mental health condition that prevented me from being able to work. As a consequence of my mental condition, my healthcare provider placed me off work as of May 26, 2021. I remained on medical leave until Move wrongfully terminated my employment on December 13, 2021. [¶] . . . At the time I commenced my medical leave, I had never received the Email or Handbook. After I commenced my medical leave, Move blocked my access to my employee email account and the online employee portal. Therefore, after May 26, 2021, I was unable to access any of my work emails or any employee documents that were in the employee portal."

In replies, Move argued that Towell impliedly consented to the arbitration agreement because she received the email with the link to the revised handbook and continued working for Move. Move argued that the email did not have to explicitly advise Towell of the arbitration agreement, and Towell was not required to have clicked on the hyperlink to have accepted the contents. In fact, Towell was not even required to have seen the email because an employee may not avoid an arbitration agreement imposed as a condition of employment by remaining willfully or negligently ignorant of the policy. By notifying an employee that the employee will be subject to arbitration, continued employment constitutes acceptance of implied-in-fact arbitration agreement regardless of whether the employee retrieves the agreement. In addition, there was no factual support for fraud, and the agreement was not unconscionable. Move also filed objections to Towell's declaration.

In the discrimination action, Judge Killefer issued a tentative ruling that would grant the motion to compel arbitration, but after a hearing on October 20, 2022, took the matter under submission.

In the class action, Judge Kuhl held a hearing on the motion to compel arbitration on October 24, 2022. Later that day, the Judge Kuhl ruled that there was no arbitration agreement between the parties and denied the motion to compel arbitration. The company's email did not expressly mention arbitration or suggest that the handbook contained any binding contract language. Although the email stated that employees would receive an email from the online training platform, there was no evidence that a second email was sent. The court noted the factual dispute between the parties about whether Towell received the email that was sent, but it was undisputed that Towell did not start the training or complete an acknowledgement of receipt of the handbook. After Towell failed to complete the course or complete the acknowledgement of receipt of the handbook, there was no evidence that Move informed her that continued employment constituted acceptance of an arbitration agreement. Towell stated she was afflicted with a serious mental health condition on May 20, 2021, and it was undisputed that she took medical leave beginning on May 26, 2021, one day before the acknowledgement had been requested. The court also noted that the first page of the handbook could be read to state that it does not create a contract between the employee and Move.

Given the facts, Judge Kuhl could not find that the parties entered into an agreement to arbitrate. There was no evidence that Towell signed an arbitration agreement or provided explicit

assent to an arbitration policy, and more importantly, there was no evidence she was sufficiently notified of any arbitration policy. The email contained no mention of an arbitration policy, let alone that Towell's future employment was conditioned on an agreement to arbitrate. The email did not state that receipt of the email constituted acceptance of any agreement found in the handbook. In addition, the email specifically stated that employees would receive a separate email from the online training platform with details about how to acknowledge receipt and understanding of the handbook, with a deadline by May 27, 2021. The fact that Move required a course and sought a written acknowledgement of the handbook terms showed that mere receipt did not constitute acknowledgement of the handbook.

On November 8, 2022, in the discrimination action, Judge Killefer denied the motion to compel arbitration in that case based on the same reasoning as the class action court. The court in the discrimination action sustained objections to the following statements from Towell's declaration on the basis that they were inadmissible legal conclusions: Move never notified her that she would waive her right to file a lawsuit by continuing her employment; Move never provided her with the handbook or the arbitration agreement; she was afflicted with a serious mental health condition that prevented her from being able to work as of May 20, 2021; and she remained on medical leave until Move wrongfully terminated her employment on December 13, 2021.

Move timely appealed from the two orders denying the motions to compel arbitration. The parties subsequently filed a joint motion to consolidate the appeals, which this appellate court granted on February 16, 2023.

8

## DISCUSSION

## Standard of Review

In ruling on a motion to compel arbitration, the trial court determines the facts. (*Fleming v. Oliphant Financial, LLC* (2023) 88 Cal.App.5th 13, 18 (*Fleming*).) Where the material facts are undisputed, we review the order de novo. (*Ibid*; *Diaz v. Sohnen Enterprises* (2019) 34 Cal.App.5th 126, 129 (*Diaz*).) If the facts are in dispute, however, we review the record to evaluate whether substantial evidence supports the trial court's order. (*Fleming*, *supra*, 88 Cal.App.5th at p.18.) " 'Under the deferential substantial evidence standard of review, findings of fact are liberally construed to support the judgment or order and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings. [Citation.] "A single witness's testimony may constitute substantial evidence to support a finding. [Citation.] It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility. [Citation.] 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' " [Citation.]' [Citation.]" (*Bruno v. Hopkins* (2022) 79 Cal.App.5th 801, 823.)

## No Implied Consent to Arbitration Agreement

Move concedes that Towell did not expressly agree to arbitration. Instead, Move contends Towell impliedly consented to arbitration by continuing to work for Move after receiving the

email message about the revised handbook, which contained an arbitration agreement. We conclude the trial courts' finding[1] that Towell did not consent to the arbitration agreement is supported by substantial evidence.

"There is a strong public policy favoring contractual arbitration, but that policy does not extend to parties who have not agreed to arbitrate." (*Esparza v. Sand & Sea, Inc.* (2016) 2 Cal.App.5th 781, 787 (*Esparza*).) General contract law principles determine whether the parties have agreed to arbitration, and mutual assent is an essential element. (*Id.* at pp. 787–788.) A party's agreement to arbitrate may be express, such as by signing the agreement, or implied-in-fact, such as when an employee's continued employment constitutes acceptance of the proposed agreement. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236 (*Pinnacle*); *Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 420 (*Craig*).)

When an employer notifies an employee that an arbitration agreement is a condition of employment and the employee continues to work for the company, the employee has impliedly consented to the arbitration agreement. (*Diaz, supra*, 34 Cal.App.5th at p. 130.) "An arbitration clause within a contract may be binding on a party even if the party never actually read the clause." (*Pinnacle, supra*, 55 Cal.4th at p. 236.) "The fact that defendant either chose not to read or take the time to

---

[1] The rulings of the two trial court judges at issue in this consolidated appeal are substantially similar on the issues we discuss below. Accordingly, we refer to a single "finding" that was made by each trial court.

understand these provisions is legally irrelevant." (*Harris v. TAP Worldwide, LLC* (2016) 248 Cal.App.4th 373, 383 (*Harris*).)

In this case, substantial evidence supports the trial courts' finding that Towell did not impliedly consent to Move's arbitration agreement. Move sent an email to all employees about a revised handbook that described some of the changes in the handbook, but did not mention a new arbitration policy. The email itself did not provide any notification that employees were agreeing to arbitrate employment disputes by continuing to work for the company. The handbook was not provided as an attachment to the email. Instead, a portion of the email contained a hyperlink to the handbook or the employee could find the document on the company's internal website. The email stated, however, that employees would receive a second email with directions to complete a training course and a written acknowledgement, which they were required to complete by May 27, 2021. No second email was sent.

Before the company's deadline to review the handbook, Towell took medical leave. While she was on medical leave, Move revoked her access to the email system and the training platform, including her ability to review the handbook with the proposed arbitration agreement. Although Move was aware from its records that Towell had not reviewed the handbook prior to taking medical leave and did not have access to the email system or training platform, Move did not take any action to make the handbook available to her or secure her acknowledgement of the revised handbook. There is also no evidence that she was required to work or capable of consenting while out of the office on medical leave. The evidence supports the trial courts' finding that in this case, Towell did not have notice of the arbitration

11

policy such that remaining employed by the company while she was out of the office on medical leave constituted consent to arbitrate.

The cases relied on by Move are readily distinguishable. In *Diaz*, for example, the plaintiff employee received notice at an in-person meeting that her employer was adopting an arbitration policy and that continuing employment would constitute acceptance of the arbitration agreement. (*Diaz, supra*, 34 Cal.App.5th at p. 128.) The employee was expressly told twice that by continuing her employment, she would be agreeing to arbitration provisions. (*Id.* at p. 130.) In the present case, Move's email to employees did not mention arbitration and did not explain that continuing employment would constitute consent to whatever policies were in the handbook.

In *Craig*, in two separate years, the defendant employer sent a memorandum to employee Craig at her home address explaining that the company had adopted a dispute resolution program and enclosing a brochure with details. (*Craig, supra*, 84 Cal.App.4th at pp. 419–420.) The mail was not returned to the employer, but Craig declared that she did not receive either set of documents. (*Id.* at p. 420.) After considering this conflicting evidence, the trial court found that Craig received the documents. On appeal, the appellate court concluded the trial court's findings were supported by substantial evidence. Permissible inferences could be drawn from the employer's act of mailing the documents that Craig received the documents and, by continuing to work for several years, agreed to be bound to the terms of the arbitration agreement. (*Id.* at pp. 421–422.) In contrast, in the instant case, the trial courts found Towell did not have notice of the employer's

proposed arbitration agreement, a finding that is supported by substantial evidence.

In *Harris*, employee Harris acknowledged in writing that he received an employee handbook and the employer's arbitration agreement. (*Harris*, *supra*, 248 Cal.App.4th at p. 377.) The arbitration agreement stated that if the employee voluntarily continued employment after the effective date of the policy, the employee would be deemed to have consented to the arbitration agreement. (*Id.* at p. 381.) Based on the employee's receipt of the handbook and arbitration agreement, which stated that continuing employment would be deemed to be agreement to the policies, followed by the employee's continued employment, the appellate court found the employee impliedly assented to the terms of the handbook. (*Id.* at p. 384.) In contrast, in this case, Towell did not acknowledge receipt of the revised employee handbook or have notice of the arbitration agreement, so her continued employment by the company did not constitute consent to arbitrate.

## DISPOSITION

The orders denying the motions to compel arbitration are affirmed. Respondent Selena Towell is awarded her costs on appeal.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

BAKER, Acting, P. J.

KIM, J.