Filed 1/13/25  Cereceres v. AHMC Garfield Medical Center CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GRACIELA CERECERES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> AHMC GARFIELD MEDICAL CENTER, LP, et al., <br><br> Defendants and Appellants. | B336812 <br><br> (Los Angeles County Super. Ct. No. 23STCV20786) |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Reversed with directions.

Musick, Peeler & Garrett, Cheryl A. Orr and William J. Tebbe for Defendants and Appellants.

Pedersen Law, Neil Pedersen and Jamie Gottschalk-Hall for Plaintiff and Respondent.

_____

In the trial court, defendants AHMC Garfield Medical Center, LP, and AHMC Healthcare, Inc. (collectively AHMC), brought a motion to compel arbitration of claims brought by plaintiff employee Graciela Cereceres. The trial court granted the motion in part, compelling arbitration of Cereceres's employment-related claims, but denied the motion as to her claim for assault and battery. AHMC appeals from the portion of the order denying the motion to compel arbitration. We conclude Cereceres's claim for assault and battery falls within the scope of the arbitration agreement, and therefore, we reverse the portion of the order denying the motion to compel arbitration and direct the court to order Cereceres and AHMC to arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

AHMC hired Cereceres as a transporter for the surgery department on June 21, 2011. Cereceres signed an arbitration agreement, which stated in relevant part: "I understand that it is my obligation . . . to submit to final and binding arbitration any and all claims and disputes that arise out of or are related in any way to my employment or the termination of my employment with AHMC. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against AHMC Healthcare Inc. or any of its affiliated hospitals, facilities, companies or entities, and any of their employees, officers, directors, Medical Staff, physicians or agents ('the Company')." The agreement stated that it was governed solely by the Federal Arbitration Act and the procedural rules of the American Arbitration Association.

On August 29, 2023, Cereceres filed an action alleging several employment-related causes of action against AHMC alone, and causes of action against AHMC and Bienvenido Jao, M.D., for unfair business practices, assault and battery, and harassment based on gender, sex, disability, and race, among other protected categories. Cereceres alleged, among other things, that she was mistreated by Jao, including ongoing verbal abuse, which culminated in an incident on August 30, 2021, when Jao threw her against a wall. Cereceres reported the incident to the police. She took disability leave as a result of the incident. She also had a reasonable apprehension that she would be touched in a harmful or offensive way. Because AHMC failed to engage in the interactive process and make reasonable accommodations to allow her to return to work, she was forced to resign.

On December 27, 2023, AHMC filed a motion to compel arbitration. Cereceres opposed the motion on several grounds, including that Jao was not a signatory to the arbitration agreement, the assault and battery claim was outside the scope of the arbitration agreement, and the causes of action were so intertwined that there was a potential for inconsistent rulings.

On January 16, 2024, Jao filed a notice of joinder in the motion to compel arbitration, which Cereceres opposed. Neither pleading is part of the appellate record.

AHMC filed a reply to the motion to compel arbitration, arguing that the claim for assault and battery fell within the scope of the agreement, and the arbitration agreement encompassed Jao as a member of the medical staff.

A hearing was held on the motion to compel arbitration on January 25, 2024. No reporter's transcript of the hearing has

3

been included in the appellate record. On February 1, 2024, the trial court issued an order denying AHMC's motion to compel arbitration as to the cause of action for assault and battery, and granting the motion as to the remaining causes of action. The trial court stayed proceedings on the cause of action against AHMC for assault and battery pending further order of the court.

The court found Jao's notice of joinder was untimely, and the court declined to address an argument raised for the first time in AHMC's reply brief that the arbitration agreement applied to Jao. Although the case against Jao remained in court for trial, the court gave permission for Jao to file a properly noticed motion to compel arbitration of the claims against him other than assault and battery.

AHMC filed a timely notice of appeal from the February 1, 2024 order. Jao did not appeal from the February 1, 2024 order, and is not a respondent on appeal.

After the ruling, Jao filed a motion to compel arbitration of the causes of action against him for harassment and unfair business practices, which the trial court granted in April 2024.[1]

## DISCUSSION

## I. Standard of Review

In ruling on a motion to compel arbitration, the trial court determines the facts. (*Fleming v. Oliphant Financial, LLC* (2023) 88 Cal.App.5th 13, 18 (*Fleming*).) If the material facts are

---

[1] AHMC's request for judicial notice of Jao's motion to compel arbitration, filed with this appellate court on June 11, 2024, is granted.

4

undisputed, we review the order de novo.  (*Ibid*; *Diaz v. Sohnen Enterprises* (2019) 34 Cal.App.5th 126, 129.)

## II.  Arbitration of Assault and Battery Claim

AHMC contends the arbitration agreement in this case extended to Cereceres's assault and battery claim.  We agree.

The law favors contracts for arbitration of disputes between parties, but courts may only compel arbitration of disputes that parties have agreed to arbitrate.  (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1523 (*RN Solutions*).)  "In determining the scope of an arbitration clause, '[t]he court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made [citation].'  [Citation.]"  (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 744 (*Victoria*).)

" 'A long line of California and federal cases holds that claims framed in tort are subject to contractual arbitration provisions when they arise out of the contractual relationship between the parties.'  [Citations.]  It is the dispute, not the named cause of action, that is the focus of inquiry.  . . . [W]hat must be determined is whether the tort claims 'have their roots in the relationship between the parties which was created by the contract.'  [Citations.]"  (*Bigler v. Harker School* (2013) 213 Cal.App.4th 727, 739 (*Bigler*).)

The arbitration agreement in this case is broadly worded, requiring arbitration of "any and all claims and disputes that arise out of or are related in any way to my employment or the termination of my employment . . . . "  The plain language of the

arbitration agreement covers claims arising out of or related to Cereceres' employment, regardless of whether the claims sound in tort or contract. In her complaint, Cereceres alleged verbal abuse and mistreatment culminating in an assault and battery in the workplace by Jao, a member of the medical staff, which caused her to take disability leave, and afterward, AHMC's failed to engage in a good faith interactive process to accommodate her disability. The alleged assault and battery took place in the hospital during the workday, while Cereceres and Jao were acting within the course and scope of their roles for AHMC. Cereceres' claim for assault and battery is inextricably intertwined with her employment relationship with AHMC.

The factual allegations in the instant case are similar those in *Bigler*, *supra*. In *Bigler*, the appellate court found battery allegations against a teacher, who wrapped his arms around a female student, jumped up and down, and humiliated her, fell within the arbitration clause in the school's enrollment contract because the actions occurred within the course and scope of his role as a teacher, in his classroom on a school day, and reflected his unfitness and incompetence as a teacher. (*Id.* at p. 741.)

The cases that Cereceres relies on to argue that her assault and battery claim is not arbitrable are readily distinguishable. In *Victoria*, the Supreme Court concluded that a hospital patient's agreement to arbitrate claims "arising from rendition or failure to render services" did not clearly extend to the patient's claim that a hospital employee sexually assaulted her, and the ambiguity should be construed against the drafter. (*Victoria*, *supra*, 40 Cal.3d at pp. 737–739.) The *Victoria* court noted that the employee's alleged conduct "was entirely outside the scope of his employment. It had nothing to do with providing, or failing to

6

provide, services." (*Id*. at p. 745.) In the present case, however, as stated above, Cereceres's claims are undisputedly related to her employment with AHMC, do not allege sexual assault, and fall squarely within the broad scope of the arbitration agreement.

In *RN Solution*, a recruiting company contracted to provide nurses for a healthcare company, including agreeing to arbitrate any dispute between the companies "arising out of or in connection with this Agreement." (*RN Solution*, *supra*, 165 Cal.App.4th at p. 1514.) The chief executive officer of the recruiting company and the vice president of the healthcare company began an intimate relationship. (*Id*. at p. 1515.) The complaint included causes of action for gender-based violence, battery, and false imprisonment, based on allegations that the vice president began a pattern of violent and abusive behavior at home, culminating in his arrest for felony domestic violence. (*Ibid*.) The appellate court concluded the battery-related tort claims were not arbitrable: "The arbitration clause in issue was part of an agreement between two business entities governing their business relationship. While the language of the arbitration provision might be broadly construed to cover every type of business dispute that might arise between the two signators, it cannot seriously be argued that the parties intended it to cover tort claims arising from an alleged violent physical assault by an employee of one company against an employee of the other in the context of an intimate domestic relationship between them. Such a possibility could not have been within the parties' contemplation when the language was agreed to, and nothing in the language remotely suggests that it was intended to apply to personal injury tort claims arising outside of the

business relationship between [the two companies]." (*Id.* at p. 1523.)

In contrast, the agreement at issue in this case is not limited to a business relationship between two corporate entities. Jao's alleged actions occurred in the workplace, in the context of his role at AHMC and Cereceres's employment with AHMC, and are therefore within the scope of the arbitration agreement.

## III. Assault and Battery Claim Against Jao

On appeal, AHMC challenges the trial court's ruling precluding Jao from filing a motion to compel arbitration of the claim for assault and battery. The record is inadequate to review the February 1, 2024 order as to Jao. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141 [appellant has burden of overcoming presumption order is correct by affirmatively showing error through an adequate record].) It does not contain Jao's notice of joinder, Cereceres' opposition to joinder, or a reporter's transcript of the hearing on the proceedings. Moreover, Jao did not file an appeal from the February 1, 2024 order, and is not a respondent on appeal. There is nothing before this appellate court to determine with respect to Jao.

## DISPOSITION

The portion of the February 1, 2024 order denying the motion to compel arbitration of the assault and battery claim is reversed.  The trial court is directed to enter a new order granting the motion to compel arbitration as to the assault and battery claim.  Appellants AHMC Garfield Medical Center, LP, and AHMC Healthcare, Inc., are awarded their costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.


9