Filed 2/11/25  Turner v. All American Healthcare Services CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHRYSHENDALL TURNER,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ALL AMERICAN HEALTHCARE SERVICES, INC.,<br><br>      Defendant and Appellant. | B334873<br><br>(Los Angeles County Super. Ct. No. 22STCV21107) |

APPEAL from an order of the Superior Court of Los Angeles County, Kenneth R. Freeman, Judge.  Affirmed.

Fisher & Phillips, Landon R. Schwob and Lilit Vardanian for Defendant and Appellant.

Aegis Law Firm, Ali S. Carlsen, Samuel A. Wong and Jessica L. Campbell for Plaintiff and Respondent.

_____

Defendant and appellant All American Healthcare Services, Inc. (AAHS), appeals from an order denying a motion to compel arbitration entered in favor of plaintiff and respondent employee Chryshendall Turner, in this action for wage and hour violations. The trial court found no arbitration agreement existed because there was no consideration given for Turner's execution of the agreement several months after her employment ended and her lawsuit was filed. We conclude the record is inadequate to review the evidence and arguments presented to the trial court because there is no reporter's transcript or suitable substitute for the hearing on the motion to compel arbitration. Even were we to find the record adequate for review, however, substantial evidence supports the trial court's findings, and therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

AAHS is a healthcare staffing company that provides temporary support to skilled nursing facilities and healthcare centers. Turner began working for AAHS in October 2021. She signed several employment-related documents on her phone through the AllShifts third-party mobile application. She was placed to work at B&E Convalescent Center, Inc., where she completed approximately 20 shifts Her last shift at B&E was on January 7, 2022, which the parties agree was the last date that she performed any work for AAHS. She voluntarily resigned from AAHS and B&E in January 2022. Turner began working for a different employer.

On June 29, 2022, Turner filed a class action against AAHS and B&E alleging various wage and hour law violations. She

2

filed an amended complaint in September 2022, adding a claim pursuant to the Private Attorney Generals Act of 2004 (Lab. Code, § 2698 et seq.).

On October 5, 2022, approximately nine months after resigning from AAHS and B&E, and while she was working for her new employer, Turner logged in to the AllShifts mobile application. When AAHS has updates to employment-related documents, including policies and procedures, users cannot access their AllShifts accounts until they have reviewed and accepted the updated documents. If an employee does not wish to accept the updated documents, the employee can contact AAHS and speak to the appropriate personnel to bypass the electronic process. Upon logging in on October 5, 2022, Turner would have been prompted to review and sign any forms that had been updated since her last login. That day, Turner electronically signed and submitted to AAHS an updated policy and procedures document, a dispute resolution agreement, medical privacy policies, and new I-9 and W-4 tax documents. AAHS never contacted Turner to ask her to sign a dispute resolution agreement.

The dispute resolution agreement stated, "I and [AAHS] agree to utilize binding individual arbitration to resolve all disputes that might arise out of or be related in any way to my application for employment and/or employment by the Company. Such disputes include, but are not limited to, claims I might bring against the Company for wrongful termination, discrimination, harassment, retaliation, breach of contract, wage and hour violations, and torts such as invasion of privacy, assault and battery, or defamation. . . . I and the Company each

specifically waive our respective rights to bring such claims against the other in a court of law and to have a trial by jury."

The agreement also stated, "My agreement to arbitrate claims against the Company includes claims I might bring against the Company's parent, subsidiaries, affiliates, customers, alleged site employers, or client entities . . . . I also agree to arbitrate claims against any person or entity I allege to be a joint employer with the Company."

On October 31, 2022, AAHS filed an answer asserting 44 affirmative defenses, including that Turner's claims were subject to arbitration. Turner filed a second amended class action complaint in September 2023.

In October 2023, AAHS filed a motion to compel arbitration. AAHS submitted the declaration of its counsel in support of the motion. Turner opposed the motion to compel arbitration, arguing AAHS waived the right to demand arbitration by actively litigating for a year, and providing her declaration in opposition to the motion stating that she never signed a dispute resolution agreement. AAHS submitted a reply, including a declaration explaining the identification measures used by the AllShifts mobile application.

A hearing was held on the motion to compel arbitration on November 29, 2023. No reporter's transcript of the hearing has been included in the record on appeal. After taking the matter under submission, the trial court denied the motion on December 8, 2023. The court found Turner had not executed an arbitration agreement prior to, or during the course of, her employment with AAHS or B&E. The fact that Turner logged into the AllShifts application after her employment ended was irrelevant. Logging into the application did not create or extend any employment

4

relationship. The October 2022 dispute resolution agreement was illusory, because there was no consent given by Turner. It was not a situation where Turner continued her employment after being notified of an arbitration agreement, or signed an arbitration agreement as a condition of continued employment. The uncontroverted evidence showed there was no consideration given for Turner's alleged execution of the dispute resolution agreement, and therefore, no agreement to arbitrate existed. The trial court separately found that AAHS had not waived the right to seek arbitration, although the legal standard relied on by the court has since been modified. AAHS filed a timely notice of appeal from the December 8, 2023 ruling.

## DISCUSSION

### I. Standard of Review and Inadequacy of the Appellate Record

In ruling on a motion to compel arbitration, the trial court determines the facts. (*Fleming v. Oliphant Financial, LLC* (2023) 88 Cal.App.5th 13, 18 (*Fleming*).) Where the material facts are undisputed, we review the order de novo. (*Ibid*; *Diaz v. Sohnen Enterprises* (2019) 34 Cal.App.5th 126, 129 (*Diaz*).) If the facts are in dispute, however, we review the record to evaluate whether substantial evidence supports the trial court's order. (*Fleming, supra*, 88 Cal.App.5th at p. 18.) " 'Under the deferential substantial evidence standard of review, findings of fact are liberally construed to support the judgment or order and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of

5

the findings.  [Citation.]  "A single witness's testimony may constitute substantial evidence to support a finding.  [Citation.] It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility.  [Citation.]" ' " (*Bruno v. Hopkins* (2022) 79 Cal.App.5th 801, 823.)

A judgment or order of the lower court is presumed to be correct; the appellant has the burden of overcoming this presumption by affirmatively showing error on appeal by an adequate record.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)  Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following:  [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

"Without the proper record, we cannot evaluate issues requiring a factual analysis.  The evidence is presumed sufficient to support the judgment."  (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct as to all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error."  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

Without a reporter's transcript of the proceedings at the hearing, we cannot evaluate the evidence and arguments presented to the trial court.  The record is inadequate to show that there was no evidence to support the trial court's findings of

6

fact.  We cannot presume the trial court erred.  The absence of a record of the hearing here precludes a determination that the court's findings are not supported by substantial evidence.

## II.  Substantial Evidence

Even were we to find the record adequate for review, however, the trial court's findings are supported by substantial evidence on the record before us.  Whether Turner was still employed by AAHS when she signed the arbitration agreement was a disputed issue of fact.  The trial court found Turner executed the arbitration agreement after her employment relationship with AAHS ended, while she was working for another employer, and after she filed an action against AAHS through counsel.  The court's findings are directly supported by Turner's declaration and the pleadings in the case.  Although the trial court's written ruling summarized evidence presented in both parties' declarations, the trial court never stated that Turner's actions were consistent with continued employment beyond January 2022.  Rather, the trial court repeatedly stated that Turner terminated her employment relationship in January 2022.  In its briefs, AAHS misstates and attempts to relitigate these findings, but we do not reweigh the evidence on appeal.

"There is a strong public policy favoring contractual arbitration, but that policy does not extend to parties who have not agreed to arbitrate." (*Esparza v. Sand & Sea, Inc.* (2016) 2 Cal.App.5th 781, 787.)  General contract law principles determine whether the parties have agreed to arbitration, and mutual assent is an essential element.  (*Id.* at pp. 787–788.)

7

Even assuming the arbitration agreement applied to Turner's claims based on past employment, substantial evidence supports the trial court's finding that AAHS provided no consideration in exchange for Turner's agreement to arbitrate. Turner was no longer working for AAHS and actively litigating an action against AAHS in the trial court. Although she was represented by counsel, AAHS presented the arbitration agreement to Turner directly, through the mobile application. The arbitration agreement provided no consideration to Turner in exchange for her agreement to arbitrate. AAHS's "mutual promise to arbitrate" is illusory in this case, because Turner had no continuing employment relationship with AAHS and there was no suggestion that AAHS had any claim against Turner based on the past employment relationship. The trial court's finding that there was no consideration for the arbitration agreement in this case is supported by substantial evidence.

## DISPOSITION

The order denying the motion to compel arbitration is affirmed. Respondent Chryshendall Turner is awarded her costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

I CONCUR:


KIM (D.), J.

8

Chryshendall Turner v. All American Healthcare Services, Inc.
B334873


BAKER, Acting P. J., Concurring



      With the exception of Part II of the Discussion, I join the opinion for the court.



          BAKER, Acting P. J.